**Camilla NORRIS, Plaintiff-Appellant,**

v.

**FLORIDA DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES; Alvin Taylor, etc., and Jessie Barkley, etc., Defendants-Appellees.**

No. 83–3341
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

April 23, 1984.

Paul D. Srygley, Tallahassee, Fla., for plaintiff-appellant.

John L. Pearce, Dist. Legal Counsel, District II, Fla. Dept. of Health & Rehabilitative Services, Tallahassee, Fla., Gerry L. Clark, Hospital Legal Counsel, Fla. State Hospital, Dept. of Health & Rehabilitative Services, Chattahoochee, Fla., Lloyd Harger, Div. of Risk Management, Tallahassee, Fla., Clair Dryfuss, Asst. General Counsel, Fla. Dept. of Health & Rehab. Services, Tallahassee, Fla., for defendants-appellees.

Before HATCHETT, ANDERSON and CLARK, Circuit Judges.

PER CURIAM:

Camilla Norris appeals from a summary judgment dismissing her claim under 42 U.S.C. § 2000e, *et seq.*, because it was untimely filed. Norris received notice of her right to sue from the EEOC on November 6, 1980. On February 5, 1981, ninety-one days later, she filed the complaint in the present action. Under 42 U.S.C. § 2000e–5(f)(1), the plaintiff must file suit within ninety days of receiving the right-to-sue notice. *See Law v. Hercules, Inc.*, 713 F.2d 691, 692 (11th Cir.1983) (ninety-day period under § 2000e–5 begins to run upon receipt of certified letter at plaintiff's residence); *Franks v. Bowman Transportation*, 495 F.2d 398, 405 (5th Cir.1974)[1] (30-day limitation period under predecessor statute to § 2000e–5 does not begin until receipt of notification), *rev'd on other*

---

**1.** In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), this court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Id.* at 1209.

*grounds,* 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976).

Norris argues that Fed.R.Civ.P. 6(e) should be construed to add three days to the statutory 90-day period. Rule 6(e) provides:

> *Additional Time After Service By Mail.* Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him *and the notice or paper is served upon him by mail,* 3 days shall be added to the prescribed period.

(Emphasis added). The rule only applies when the service is by mail and must be understood in light of Fed.R.Civ.P. 5(b), which provides that "[s]ervice by mail is complete upon mailing." The reason for the three additional days is to account for the time required for delivery of the mail. However, in the instant context, the 90-day time period commences, as noted above, upon receipt, and not upon the mailing of the right-to-sue notice. Thus, there is no reason to apply Rule 6(e). *See Suarez v. Little Havana Activities,* 721 F.2d 338, 340 (11th Cir.1983) (rejecting a Rule 6(e) argument in a similar Title VII case).

We therefore reject Norris' argument that Rule 6(e) should be construed to add three days to the statutory 90-day time period. Norris having set forth no ground for equitable tolling, *see Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982); *Coke v. General Adjustment Bureau, Inc.,* 640 F.2d 584, 594 (5th Cir.1981), we conclude that Norris' complaint was untimely, and that the district court committed no error in granting summary judgment against Norris on that ground.

AFFIRMED.