Deanna BROWN, Plaintiff,

v.

COMMONWEALTH EDISON COMPANY, Reliable Sheet Metal Works, Inc., and Russell Irish, Defendants.

No. 86 C 5924.

United States District Court, N.D. Illinois, E.D.

Nov. 18, 1986.

## ORDER

BUA, District Judge.

Before this court are defendants' motions to dismiss for failure to state a claim upon which relief can be granted. Fed.R. Civ.P. 12. Plaintiff's claim is based on defendants' alleged violation of Title VII. For the reasons stated herein, this court grants defendants' motions to dismiss.

## FACTS

Plaintiff was a clerk at the Byron Nuclear Power Plant in Illinois. During the course of her employment, plaintiff was the recipient of numerous sexual advances. One of the defendants threatened to discharge her from her employment in the event she repelled his advances. Finally, plaintiff rejected a defendant's sexual advance and was subsequently terminated.

Plaintiff filed her discrimination complaint with the EEOC on March 7, 1985. Plaintiff requested that the EEOC issue a "Right-to-sue" letter. Plaintiff's attorney received the right-to-sue letter from the EEOC on August 8, 1985. Next, plaintiff allegedly filed a sex discrimination complaint with the Circuit Court of Cook County on October 28, 1985, which was within 90 days of receiving her right-to-sue letter. Nine months later, the state court judge entered an agreed order stating that plaintiff will file a motion to dismiss the action without prejudice to plaintiff's right to file an action in federal court under Title VII. On August 1, 1986, the state court judge entered an order of dismissal. Ten days after dismissal plaintiff filed her Title VII claim with the United States District Court.

## DISCUSSION

Title VII requires a person aggrieved by an unlawful employment practice to file a charge with the EEOC. If the EEOC declines to pursue a claimant's charge, then a claimant is allowed a 90–day period within which to file a civil action in federal court. Section 706 of Title VII provides in part that the EEOC shall notify the complainant when a charge will not be pursued by the EEOC. Next, Section 706 provides that "a civil action may be brought against the respondent named in the [EEOC] charge" within "ninety days after the" EEOC issues a right-to-sue letter. 42 U.S.C. § 2000e–5(f)(1).

The United States Court of Appeals for the Seventh Circuit has determined when the 90–day filing period begins to run. *St. Louis v. Alverno College,* 744 F.2d 1314 (7th Cir.1984). In *St. Louis,* the Seventh Circuit held that the 90–day period begins running on the date a claimant actually or constructively receives the notice of right-to-sue issued by the EEOC. *Id.* at 1316.

It is undisputed that plaintiff's sex discrimination claim with the United States District Court was filed more than 90 days after plaintiff constructively received her right-to-sue letter from the EEOC. In addition, it is equally undisputed that plaintiff's sex discrimination claim was filed with the Circuit Court of Cook County within the 90–day filing period.

Two issues are before this court. The first issue is whether a Title VII claim is jurisdictionally barred as a result of a claimant's failure to file her federal claim within 90 days of receiving a notice of right-to-sue. The second issue will be addressed only if a claimant is not jurisdictionally barred from pursuing her claim. The second issue is whether the running of the 90–day filing period is equitably tolled by a claimant's filing of a sex discrimination claim with a state court within the 90–day period.

### 1. *Jurisdictional Bar*

Defendants argue that plaintiff's claim is untimely. Defendants suggest this court apply a strict statutory interpretation of Title VII that requires a claimant to file a sex discrimination claim with a federal court within 90 days of receiving a right-to-sue letter from the EEOC. Defendants contend that failure to file within the 90–day period for whatever reason results in a jurisdictional bar to a future federal court claim.

The United States Supreme Court was not persuaded by a similar argument made in *Crown Cork & Seal Co. v. Parker*, 462 U.S. 345, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1982). In *Parker*, the Court noted that the 90–day filing period is not a jurisdictional prerequisite to bringing suit in a federal court. Rather, the Supreme Court stated that the 90–day limit is akin to a statute of limitations and subject to a waiver, estoppel and equitable tolling. *Id.* at 349 n. 3, 103 S.Ct. at 2395 n. 3.

■ In the instant case, this court holds that plaintiff's claim is not jurisdictionally barred despite the federal claim being filed more than 90 days after the EEOC issued its right-to-sue letter.

### 2. *Equitable Tolling*

■ In general, a Title VII action filed in a federal court more than 90 days after a claimant received her right-to-sue letter is time-barred absent special circumstances giving rise to waiver, estoppel, or equitable tolling of the 90–day period. *Anooya v. Hilton Hotel Corp.*, 733 F.2d 48, 49 (7th Cir.1984).

The precise issue before this court is whether the running of the 90–day filing period was equitably tolled by plaintiff's filing of a sex discrimination claim with a state court within the 90–day period.

Plaintiff argues that the running of the 90–day filing period had been tolled while plaintiff's discrimination action was pending in the Circuit Court of Cook County. Plaintiff believes the running of the period was tolled because she filed with the state court within 90 days of receiving her right-to-sue letter. Plaintiff maintains that the state court filing demonstrates that she had acted diligently in pursuing her discrimination claim.

■ This court finds plaintiff's logic compelling. Tolling of the 90–day filing period in the instant case is not inconsistent with the purposes served by a statute of limitations. Limitation periods are intended to put defendants on notice of adverse claims and to prevent plaintiffs from sleeping on their rights. *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 352, 103 S.Ct. 2392, 2397, 76 L.Ed.2d 628 (1982). These ends are met when a plaintiff files in a state court upon a good-faith belief that she is before the proper court. (No assertions have been presented that lead this court to believe that plaintiff pursued her claims in state court in an attempt to avoid the federal court system.) A plaintiff who fails to file her federal claim while the state court claim is pending cannot be accused of sleeping on her rights.

This court concludes that the commencement of a state court Title VII sex discrimination action within 90 days of receiving the EEOC's right-to-sue letter tolls the run-

ning of the 90-day period. Once the statute of limitations has been tolled, it remains tolled until the state court action has ended. At that point, the filing period resumes running and plaintiff must file in federal court before the 90-day period expires.

In the instant case, the running of the 90-day filing period began on August 8, 1985. The running of the filing period was tolled 81 days after it had begun to run when plaintiff filed her claim with the state court on October 28, 1985. The running of the 90-day period did not resume until the state court claim had been dismissed on August 1, 1986, nearly one year after plaintiff received her right-to-sue letter. At that time, the 90-day period resumed running and was to expire nine days later at the end of the 90th day. Plaintiff failed to file her claim in the federal court before the 90th day expired. Instead, plaintiff waited ten days and filed on August 11, 1986. This federal filing was in essence 91 days after the 90-day filing period began to run.

Although plaintiff filed only one day late, the United States Court of Appeals for the Seventh Circuit strictly applies the rigid 90-day period. The Seventh Circuit has held that timely filing within the 90-day limitation period was imperative. *Jones v. Madison Services Corp.*, 744 F.2d 1309 (7th Cir.1984). In *Jones,* the Seventh Circuit affirmed a trial court's summary judgment order granting relief to the employer because the plaintiff's Title VII action was filed 92 days after the plaintiff's attorney received notice of right-to-sue from the EEOC.

Several other circuits strictly apply the 90-day filing period limitation. *See Espinoza v. Missouri Pacific Railroad Co.*, 754 F.2d 1247 (5th Cir.1985) (suit filed 92 days after receiving right-to-sue letter); *Noe v. Ward,* 754 F.2d 890 (10th Cir.1985) (suit filed 94 days after receiving right-to-sue letter); *Norris v. Florida Department of Health & Rehabilitative Services,* 730 F.2d 682 (11th Cir.1984) (suit filed 91 days after receipt of right-to-sue letter); and *Johnson*

*v. A1 Tech Specialties Steel Corp.,* 731 F.2d 143 (2d Cir.1984) (suit filed 97 days after receiving right-to-sue letter).

This court is duty bound to apply the law of this circuit as enunciated by the Seventh Circuit. Consequently, this court concludes that plaintiff's Title VII action is time-barred because it was filed 91 days after the plaintiff received her right-to-sue letter from the EEOC. Accordingly, this court grants defendants' motions to dismiss.

### 3. *Jurisdiction Over Pendent State Law Claims*

In *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), the Supreme Court allowed state claims lacking federal jurisdiction to be adjudicated with closely related federal claims. In the instant case, this court has dismissed the underlying federal claim. Accordingly, this court also grants defendants' motions to dismiss the pendent state claims.

### CONCLUSION

This court grants defendants' motions to dismiss. The running of the 90-day filing period was equitably tolled by plaintiff's good-faith filing of her sex discrimination claim with the Circuit Court of Cook County within 90 days of plaintiff receiving her right-to-sue letter from the EEOC. Nevertheless, the running of the 90-day period resumed when the state court action ended and plaintiff's Title VII claim is time-barred because it was filed 91 days after right-to-sue letter was received.

IT IS SO ORDERED.