Franklin BROWN, Plaintiff-Appellant,

v.

**J.I. CASE COMPANY,**
Defendant-Appellee.

No. 84–1017.

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 7, 1984.

Decided Jan. 17, 1985.

Franklin D.W. Brown, pro se, and Karen Smith, E.E.O.C., Washington, D.C., for plaintiff-appellant.

George A. Brattain, Marshall, Batman, Day, Swango & Brattain, Terre Haute, Ind., for defendant-appellee.

Before CUMMINGS, Chief Judge, ESCH-BACH, Circuit Judge, and GRANT, Senior District Judge.*

CUMMINGS, Chief Judge.

Plaintiff Franklin Brown appeals from the district court's grant of defendant's motion to dismiss for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). The court ruled that plaintiff's complaint charging a violation of Title VII was time-barred because it was not filed within ninety days of receiving a Notice of Right-to-Sue from the Equal Employment Opportunity Commission (EEOC) as is required by Section 706(f)(1) of Title VII, 42 U.S.C. § 2000e–5(f)(1). For the reasons set forth below, we reverse in accordance with our December 7th ruling from the bench in Brown's favor.

I

On July 27, 1981, plaintiff received from the EEOC a Notice of Right-to-Sue which stated that his Title VII charge filed with the Commission had been dismissed because "[n]o reasonable cause was found to believe that the allegations made in [Brown's] charge are true * * *." Brown had alleged that he was suspended and

* The Honorable Robert A. Grant, Senior District Judge for the Northern District of Indiana, sit-    ting by designation.

then demoted because of his race. On October 23, 1981, eighty-eight days after he had received his Notice of Right-to-Sue, plaintiff filed the following documents with the clerk of the United States District Court in Terre Haute, Indiana: 1) an Affidavit of Financial Status in Civil Actions, 2) a Financial Affidavit in Support of Request for Attorney, 3) a Pauper Affidavit and Order, and 4) the Notice of Right-to-Sue. The Affidavit of Financial Status in Civil Actions contained a request for a court-appointed attorney and outlined plaintiff's fruitless efforts to secure counsel. The Pauper Affidavit and Order contained a sworn statement by plaintiff that he was unable to pay court costs and provided a form which required only the district judge's signature to authorize Brown's proceeding *in forma pauperis*. On August 9, 1983 (almost two years later), the court denied Brown's request to proceed as a pauper (8/9/83 Order) without mentioning plaintiff's request for appointed counsel. Plaintiff then filed a *pro se* complaint on September 9, along with requests that the court rule on his still-pending plea for an attorney and reconsider its August 9 decision (App. 24). On November 2, the district court denied both plaintiff's request for appointed counsel and his request for reconsideration.

The district court granted defendant's motion to dismiss, Fed.R.Civ.P. 12(b)(6), on December 12. The court rejected Brown's contention that the filing of an application for appointment of counsel accompanied by a Notice of Right-to-Sue letter tolled the statutory ninety-day filing period. It also concluded that the papers filed by Brown on October 23, 1981, did not constitute the filing of a complaint. The court entered judgment on January 5, 1984, and this appeal followed. The EEOC filed an *Amicus Curiae* brief on behalf of plaintiff.

## II

■ The sole issues raised by this appeal are whether the filing of a Notice of Right-to-Sue letter and a request for appointed counsel toll the running of the ninety-day limitation period provided in 42 U.S.C. § 2000e–5(f)(1), and whether such filings constitute the commencement of a Title VII action. Because we hold for plaintiff on the first issue there is no need to express an opinion as to the latter.

Section 706(f)(1) of Title VII, 42 U.S.C. § 2000e–5(f)(1), authorizes a potential plaintiff to bring a civil action within ninety days of receiving a Notice of Right-to-Sue from the EEOC. This Court recognized that the running of this period may be tolled under circumstances similar to this case over a decade ago in *Harris v. National Tea Company*, 454 F.2d 307, 310, (7th Cir.1971). Since the principal holding of *Harris* did not deal with the tolling issue and because the Supreme Court's recent decision in *Baldwin County Welcome Center v. Brown*, —— U.S. ——, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984), may have caused some uncertainty with regard to our position regarding the tolling of the ninety-day filing period of Title VII, we issue this opinion in support of our bench ruling.

In *Harris* the plaintiff filed a petition for the appointment of counsel six days after receipt of the Notice of Right-to-Sue and the district court promptly denied the petition one day later. A second petition for appointment of an attorney was made thirty-six days after receipt of the Notice of Right-to-Sue, but six days after the then existing thirty-day limitation period.[1] This request was immediately granted and the prior denial order vacated. A valid formal complaint was ultimately filed eighty-five days after receipt of the right-to-sue notice and forty-seven days after the appointment of counsel. *Harris*, 454 F.2d at 308. The *Harris* Court read the district court's grant of the second request for appointed counsel

---

1. *Harris* was decided under the original Section 706(e) of Title VII, 42 U.S.C. § 2000e–5(e), which allowed thirty days after receipt of notice to bring a civil action. This Section was subsequently recodified as Section 706(f)(1) (42 U.S.C. § 2000e–5(f)(1)) and amended to provide, *inter alia*, for the current ninety-day limitation period. Pub.L. No. 92–261, § 4(a), 86 Stat. 104 (1972).

as a recognition by the lower court that it had erred in its first denial. Consequently, we ruled that "the running of the thirty-day period was stayed when her first application was improperly denied, but it again commenced to run when an attorney was appointed on her second application." *Id.* at 310. Two cases were cited with approval as adopting the general rule that a pending application for appointment of counsel tolls the running of the then relevant thirty-day period until the court rules on the request. *Id.* at 310–311 (citing *Torockio v. Chamberlain Mfg. Co.,* 328 F.Supp. 578, 580 (W.D.Pa.1971) and *Rice v. Chrysler,* 327 F.Supp. 80, 84 (E.D.Mich.1971)).

*Harris* measured the remaining time left to plaintiff from the date of filing of the request for counsel (six days after receipt of the right-to-sue notice) and determined that Katherine Harris (or her attorney) had twenty-four days in which to commence a suit. Since her formal complaint was not filed until forty-seven days after appointment of counsel, the Court ruled that the case was properly dismissed. The principal holding of *Harris,* however, was that the filing of a Notice of Right-to-Sue and a request for appointed counsel did not constitute the actual commencement of a Title VII suit. 454 F.2d at 311–312.

While *Harris* could be read as only to allow a tolling of the limitations period where there has been an erroneous denial of appointed counsel, we do not now, see the need to embrace such a narrow reading, nor have other courts in the past. *Harris* has been cited by three other Circuits as standing for the general proposition that the filing or initiation of a request for appointed counsel tolls the running of the limitations period until the court acts upon the request. *Wrenn v. American Cast Iron Pipe Co.,* 575 F.2d 544, 547 (5th Cir. 1978); *Huston v. General Motors Corporation,* 477 F.2d 1003, 1006 (8th Cir.1973); *Harris v. Walgreen's Distribution Center,* 456 F.2d 588, 592 (6th Cir.1972). *Wal-*

*green's* expressly adopted the tolling rule, 456 F.2d at 592, and *Huston* went even further, holding that the request for appointment of counsel commenced the Title VII civil action. 477 F.2d at 1008.[2] *Wrenn* merely held that application of the tolling rule would not affect the outcome of that case because the appointed counsel request was made and denied on the same day. 575 F.2d at 547.

In *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), the Supreme Court expressly stated that the ninety-day filing period of Title VII is not a "jurisdictional prerequisite to filing a Title VII suit, but a requirement subject to waiver as well as tolling when equity so requires * * *." This Court has followed the *Zipes* ruling as recently as last year. See *Jones v. Madison Service Corp.,* 744 F.2d 1309, 1314 (7th Cir.1984); *Anooya v. Hilton Hotels Corp.,* 733 F.2d 48, 49 (7th Cir.1984). The remedial purpose of Title VII and the special equitable circumstances raised by a request for appointment of counsel justify a general rule allowing a request for appointed counsel combined with presentation of a Notice of Right-to-Sue to toll the running of the ninety-day period until the court acts upon the counsel request.

Defendant reveals, and this Court can discover, no Court of Appeals decision that is contrary to this rule. Defendant suggests, however, that the Supreme Court's recent holding in *Baldwin County Welcome Center v. Brown,* — U.S. —, 104 S.Ct. 1723, 80 L.Ed.2d 196, precludes our December 7th ruling in Brown's favor. *Baldwin County* ruled that the filing of a right-to-sue letter of itself does not commence a Title VII action nor toll the running of the ninety-day period. The Court also refused to allow the plaintiff to invoke equitable principles to toll the running of the ninety-day period even though she had requested appointment of counsel and filed her right-to-sue letter approximately twenty days af-

---

**2.** As the Supreme Court pointed out in *Baldwin County,* 104 S.Ct. at 1725 n. 5, *Huston* additionally required that the plaintiff bring a formal complaint within a "reasonable time" from the request for appointed counsel or request to proceed *in forma pauperis,* with the time period to be determined by the district court. *Huston,* 477 F.2d at 1008.

ter receiving Notice from the EEOC. *Baldwin County* remarked that "[t]his is not a case * * * where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon * * *." 104 S.Ct. at 1725 (citing *Walgreen's, supra*). The absence of equitable circumstances involved the fact that the United States Magistrate, approximately fifteen days before the expiration of the ninety-day period, issued an order requiring that plaintiff in *Baldwin County* make application for court-appointed counsel using the district court's motion form and supporting questionnaire. 104 S.Ct. at 1724. The magistrate's letter to that plaintiff reminded her of the necessity of filing a complaint within the ninety-day period. The questionnaire, however, was not returned until May 6, the ninety-sixth day after receipt of the letter. The Court noted that, including the above-described episode, plaintiff "was told three times what she must do to preserve her claim, and she did not do it" and stated that "one who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." 104 S.Ct. at 1726.

The Supreme Court's citation with approval of *Walgreen's* and specific reliance on the plaintiff's lack of diligence in *Baldwin County* indicate that the Court at a minimum does not oppose but rather approves of this Court's position. *Walgreen's* did not involve any peculiar equitable circumstances favoring the plaintiff except for a good faith request for appointed counsel, which, in fact, was subsequently denied. 456 F.2d at 590–591. The Court in *Baldwin County* merely recognized, and we agree, that the request for appointment of counsel may not toll the running of the ninety-day period where the plaintiff has engaged in some inequitable conduct. For example, where a wealthy plaintiff has in bad faith requested the appointment of counsel in order to lengthen the filing period and compensate for a lack of diligence, equity clearly would not require or permit the tolling of the limitation period under the *Zipes* rationale.

The facts of the present case reveal that Brown's formal complaint, filed on September 9, 1983, was timely because the running of the ninety-day filing period should have been tolled until the November 2, 1983, district court denial of his request for appointed counsel. Since the request for appointed counsel was made within ninety days of Brown's receipt of his Notice of Right-to-Sue, the September 9 complaint clearly was filed before the ninety-day period expired. No lack of diligence or other inequitable conduct on Brown's part is present. The request for appointed counsel, although denied, was not made in bad faith. Defendant suggests that the tolling of the ninety-day period should have ended with the district court's August 9, 1983, denial of Brown's request to proceed *in forma pauperis* even though it is clear that the court did not rule on his request for appointed counsel until November 2. There is no merit in this argument. Denial of the *in forma pauperis* request did not guarantee nor even realistically foreshadow the subsequent denial of appointed counsel so as to render plaintiff's conduct dilatory or inequitable in any manner. Plaintiff should have his day in court, as urged by the EEOC.

REVERSED.