Jesse L. GARDNER, Plaintiff,

v.

U.S. STEEL and John G.
Bubick, Defendants.

Civ. No. H 87–245.

United States District Court,
N.D. Indiana,
Hammond Division.

Sept. 24, 1987.

William E. Davis, Gary, Ind., for plaintiff.

**1412**

Dawne E. Hickton, USX Corp., Pittsburgh, Pa., James McHie, Hammond, Ind., for defendants.

## ORDER

MOODY, District Judge.

This matter is before the court on a motion to dismiss, or in the alternative, for summary judgment filed July 10, 1987 by defendants United States Steel Corporation and John G. Bubick (collectively "USX"). Plaintiff Jesse L. Gardner, with the aid of counsel, responded with a brief in opposition along with several exhibits on August 20, 1987; defendant USX filed a reply on August 28, 1987. For the reasons discussed below, USX's motion is GRANTED.

### I.

Plaintiff Gardner was employed by defendant USX from December of 1961 until he was terminated on January 6, 1986. Gardner was ultimately reinstated on January 31, 1986; however, a dispute continued concerning plaintiff's entitlement to wages during the period he was out of work. Gardner pressed his claim with the Indiana district office of the Equal Employment Opportunity Commission and eventually received a right-to-sue letter on September 30, 1986.

Twenty-nine days after receiving the right-to-sue letter, on October 29, 1986, Gardner filed an application to proceed *in forma pauperis* with this court. Five days later, the court denied Gardner's *in forma pauperis* application and the Clerk of the court issued a letter to Gardner informing him of the court's action. The Clerk's letter, dated November 3, 1986, stated that Gardner's application had been denied and that if he wished to proceed with his case he would have to pay the full $120–filing fee. On April 27, 1987, 209 days after receiving the right-to-sue letter, Gardner filed his *pro se* complaint with this court against USX alleging discriminatory discharge. Finally, on June 23, 1987, Gard-

ner, with the aid of privately retained counsel, filed an amended complaint which repeated the discriminatory-discharge claim, under 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), and added a claim under 42 U.S.C. § 1981. USX has moved for dismissal of, or summary judgment on, the Title VII claim only.

### II.

As a procedural matter, the court wishes to make clear that it will treat USX's motion as a dismissal motion pursuant to Fed.R.Civ.P. 12(b)(6).[1] This is proper because although USX styled its filing as a "Motion of Defendants To Dismiss The Complaint And Portions Of The Amended Complaint, Or, In The Alternative, Motion For Summary Judgment," the court, in making its decision today, does not consider any "matters outside the pleadings" in this case. *See* Fed.R.Civ.P. 12(b); *Crawford v. United States,* 796 F.2d 924, 927 (7th Cir.1986); *Malak v. Associated Physicians, Inc.,* 784 F.2d 277, 279 (7th Cir.1986).

The procedure to be followed by this court when ruling on a motion to dismiss is well settled. A complaint should be dismissed for failure to state a claim only if it appears beyond doubt that the plaintiff is unable to prove any set of facts that would entitle the plaintiff to relief. The court must take the allegations in the complaint to be true and view them, along with the reasonable inferences to be drawn from them, in the light most favorable to the plaintiff. Finally, the plaintiff need not set out in detail the facts upon which a claim is based, but must allege sufficient facts to outline the cause of action. *See The Marmon Group, Inc. v. Rexnord, Inc.,* 822 F.2d 31, 34 (7th Cir.1987) (collecting cases on the appropriate 12(b)(6) standard).

Defendant USX argues that the filing of Gardner's initial complaint with this court 209 days after receiving the right-to-sue letter is not timely. USX further contends that even allowing for the tolling of the

---

1. As discussed later in the text of this Order, defendants' argument is that plaintiff Gardner failed to satisfy the filing requirements which are necessary prerequisites to filing this federal

claim, therefore, defendants' dismissal is properly considered under Fed.R.Civ.P. 12(b)(6). *See Roman v. U.S. Postal Service,* 821 F.2d 382, 384–85 (7th Cir.1987).

five-day period during which plaintiff's *in forma pauperis* application was under consideration by this court, Gardner's complaint was still filed 204 days after Gardner received his right-to-sue letter. In response, Gardner argues that he did file his complaint within the 90–day period and, alternatively, that the 90–day period should be equitably tolled.

Section 706(f)(1) of Title VII, 42 U.S.C. § 2000e–5(f)(1), authorizes a potential plaintiff to bring a civil action within 90 days of receiving a Notice of Right to Sue from the EEOC. In *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), the Supreme Court held that the 90–day filing period of Title VII is not a "jurisdictional prerequisite to filing a Title VII suit, but a requirement subject to waiver as well as tolling when equity so requires." *Id.* at 392–98, 102 S.Ct. at 1131–35; *accord Jones v. Madison Service Corp.*, 744 F.2d 1309, 1314 (7th Cir.1984); *Anooya v. Hilton Hotels Corp.*, 733 F.2d 48, 49 (7th Cir.1984). The Seventh Circuit, in *Brown v. J.I. Case Co.*, 756 F.2d 48 (7th Cir.1985), found that equity required the tolling of the 90–day period while a court considered a plaintiff's application for appointment of counsel. The plaintiff in *Brown* filed his application for court-appointed counsel along with a copy of his right-to-sue letter with the trial court during the 90–day period. The Seventh Circuit, in calling for equitable tolling, stated:

> The remedial purpose of Title VII and the special equitable circumstances raised by a request for appointment of counsel justify a general rule allowing a request for appointed counsel combined with presentation of a Notice of Right to Sue to toll the running of the ninety-day period until the court acts upon the counsel request.

*Id.* at 50.

Although the plaintiff here filed an application to proceed *in forma pauperis,* and

not a request for court-appointed counsel, the court finds that the same equitable considerations warrant a tolling of the filing period in this case. *See Paulk v. Department of the Air Force,* 830 F.2d 79, 83, (7th Cir.1987); *see also Coulibaly v. T.G.I. Friday's, Inc.,* 623 F.Supp. 860, 861, 863 n. 2 (S.D.Ind.1985) (reaching the same conclusion relying on *Harris v. National Tea Company,* 454 F.2d 307 (7th Cir.1971) and *Brown,* 756 F.2d 48). However, the *Brown* court expressly held that in order to toll the running of the filing period under Title VII, the plaintiff's application for appointment of counsel must be "combined with presentation of a Notice of Right to Sue." *Id.* In the present case, plaintiff Gardner filed only an application to proceed *in forma pauperis* during the 90–day period; he did not include a copy of his right-to-sue letter. Thus, it is not clear that Gardner is entitled to the special tolling rule as set out by the *Brown* decision.

The court does not need to decide if the failure to include a copy of the right-to-sue letter should bar the application of the *Brown*-tolling doctrine in this case, for even if the 90–day filing period were tolled for the five days it took the court to rule on his pauper application, Gardner's complaint would still come 134 days too late. Gardner's right-to-sue letter was issued September 30, 1986 which put his original 90–day deadline at December 9, 1986; adding five days for the time it took the court to deny Gardner's *in forma pauperis* application extends his deadline to December 14, 1986; he did not actually file his complaint until April 27, 1987, 134 days *after* his extended deadline. By any reading of the tolling doctrine in *Brown,* Gardner's complaint was not timely.

In response, Gardner seeks equitable tolling on two alternative grounds.[2] First, Gardner argues that his poor finan-

---

2. Gardner also made the bald assertion, which is completely unsupported by the pleadings or the record in this case, that he did file his complaint on October 26, 1986. The docket sheet in this case reveals an application to proceed *in forma pauperis* filed October 29, 1986; a court order denying that application was entered November 3, 1986; and the initial filing of the complaint was made on April 27, 1987. In light of this record and the total lack of support for his claim, the court disregards Gardner's groundless assertion that he filed on October 26, 1986.

cial situation warrants equitable tolling in order to make his April 27, 1987 filing timely. As USX correctly points out, any argument regarding Gardner's financial wherewithal to pay the $120–filing fee was foreclosed when this court denied his *in forma pauperis* application on November 3, 1986. Gardner did not ask for reconsideration of the court's order nor did he reapply with a new affidavit, as required under 28 U.S.C. § 1915(a), within the 90–day filing period. Thus, the court refuses to toll the running of the filing period based on plaintiff's financial status.

■ Second, Gardner contends that the Clerk's letter informing him that the court denied his pauper application actually misled him into believing that all he needed to do was pay the $120 filing fee; that is, that he was no longer required to file within the 90–day period. The court disagrees.

The Clerk's letter of November 3, 1986 reads as follows:

Dear Mr. Gardner:

Your request to file your cause of action In Forma Pauperis has been DENIED, as per copy of the enclosed Order. Your Petition has been assigned Miscellaneous Number HM 86–63.

If you wish to proceed with this action, a fee of $120.00 will have to be paid. Upon receipt of the $120.00 your action will be given a civil number.

If you have any further correspondence regarding this matter, please refer to your Miscellaneous number.

Gardner argues that the Clerk's statement informing him that his petition had been assigned a miscellaneous number led him to believe that he had satisfied the 90–day filing requirement. In support of his argument, Gardner relies on *Carlile v. South Routt School District Re 3–J*, 652 F.2d 981 (10th Cir.1981).

In *Carlile*, the plaintiff filed an application to proceed *in forma pauperis* within the 90–day filing period but failed to file her complaint until 141 days after receiving her right-to-sue letter. Upon receipt of the plaintiff's motion for pauper status, the trial court issued an order granting plaintiff's motion and stating "That this action shall be deemed commenced upon filing of the aforesaid Motion." *Id.* at 983. Plaintiff's attorney, in reliance upon the court's statement, filed plaintiff's complaint outside the original 90–day period. *Id.* On appeal, the Tenth Circuit upheld the district court's extension of the filing period and further found that the plaintiff's complaint was timely filed on the 141st day because of her reliance on the trial court's order. *Id.* at 986. The court of appeals stated: "[Plaintiff] relied on the District Court's unsolicited order extending the time within which she could file a complaint." *Id.*

In the present case, unlike *Carlile*, there was no order by the court extending Gardner's 90–day filing period. Instead, Gardner received a form letter from the Clerk of the court informing him that his pauper application had been denied and that if he wished to pursue his claim he would have to pay the full $120–filing fee himself. The Clerk made no mention of the 90–day filing period; in fact, because Gardner did not include a copy of his right-to-sue letter with his pauper application, the Clerk had no way of knowing what type of claim Gardner was attempting to file.[3]

Moreover, Gardner was informed in his September 30, 1986 right-to-sue letter that "[s]hould [he] wish to pursue this matter further [he] may do so by *filing* a private action in Federal District Court within 90 days of [his] receipt of this letter." (Emphasis added). Gardner applied for permission to *file* a claim, without the prepayment of fees, on October 29, 1986 but his application was denied on November 3, 1986 (meaning no filing was made). Nothing in the Clerk's letter told Gardner that his claim had been filed; in fact, the Clerk's

---

**3.** Because Gardner did not file a copy of his right-to-sue letter with his *in forma pauperis* application and because the Clerk had no way to know what type of suit Gardner was seeking to pursue, it is unreasonable to infer from a reading of the Clerk's letter that Gardner had filed his claim. After all, no *claim* was submitted with the pauper application. *See* Fed.R.Civ.P. 3 ("[a] civil action is commenced by filing a complaint with the court"); Fed.R.Civ.P. 8 (a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief").

letter expressly stated that his "request to file" had been "DENIED." "Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants.... '[I]n the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.'" *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152, 104 S.Ct. 1723, 1726, 80 L.Ed.2d 196 (1984) (citation omitted) (holding that the filing of a request for the appointment of counsel along with a copy of the right-to-sue letter did not constitute a filing of a Title VII claim under the Federal Rules of Civil Procedure). Based on the facts of this case and in keeping with the procedural requirements for filing Title VII claims, the court holds that Gardner is not entitled to equitable tolling, especially for 134 days.

## CONCLUSION

It is therefore ORDERED that defendants', United States Steel Corporation and John G. Bubick, joint motion to dismiss Gardner's Title VII claim as untimely is hereby GRANTED; accordingly, Gardner's original complaint, filed April 27, 1987 is hereby DISMISSED, likewise, the "First Claim" of Gardner's amended complaint, filed June 23, 1987, is also DISMISSED.