**Janet HARMON, Plaintiff,**

**v.**

**ADAMS & SONS ROOFING CO., Defendant.**

**Cause No. S86–155.**

United States District Court, N.D. Indiana, South Bend Division.

Nov. 9, 1987.

Susan Hemminger, LaPorte, Ind., for plaintiff.

Mark L. Phillips, LaPorte, Ind., for defendant.

## MEMORANDUM AND ORDER

MILLER, District Judge.

This cause comes before the court as a result of timely objections filed by the plaintiff to the Magistrate's Report and Recommendation concerning Mrs. Harmon's request for appointment of counsel. Defendant Adams & Sons Roofing Co. filed a response to the plaintiff's objections. The court appointed counsel for Mrs. Harmon for the limited purpose of submitting written argument in support of the objections to the Magistrate's report; that attorney submitted such argument and filed a

motion to amend Mrs. Harmon's complaint. For the reasons that follow, the court concludes that Mrs. Harmon should be granted leave to amend her complaint, and her motion for appointment of counsel should be granted.

## I.

On December 12, 1984 and January 27, 1985, Janet Harmon filed charges with the Indiana Fair Employment Commission and with the EEOC claiming that "Adams & Sons Roofing" discriminated against her based upon her sex. She alleged that Harvey Adams, owner of Adams & Sons Roofing, sexually harassed her while she was employed by him on December 4, 1984 and January 17, 1985. On February 10, 1986, the EEOC found no jurisdiction because of no employer/employee relationship, and issued Mrs. Harmon her "right to sue" letter. Mrs. Harmon filed this suit on March 11, 1986, well within the statutorily prescribed time to file such actions: ninety days from the receipt of the Notice of Right to Sue. 42 U.S.C. § 2000e–5(f)(1). Simultaneous with the filing of this lawsuit, Mr. Harmon moved for appointment of counsel.

The court referred the matter to Magistrate Robin D. Pierce for a report and recommendation on the issue of appointment of counsel. On March 18, 1987, Magistrate Pierce filed his report concluding, after examination of Mrs. Harmon's complaint, the dismissal by the EEOC, Mrs. Harmon's response to admissions, and the affidavit of Jessie Adams, that Mrs. Harmon filed her charge and subsequent complaint against the wrong entity. The record before the Magistrate indicated that Adams & Son Roofing had ceased doing business as a sole proprietorship at the end of 1982, and hence did not employ Mrs. Harmon on December 4, 1984 or January 17, 1985.

The Magistrate's report further stated that even if the court would find a sufficient identity of interest between the sole proprietorship and Adams & Sons Roofing and Construction of LaPorte County, Inc., the corporation formed in 1982, a serious question would remain as to whether, following the running of the statute of limitations, the corporation could be joined as a party-defendant. The Magistrate recommended that, although Mrs. Harmon filed numerous letters reflecting her attempts to obtain counsel, plaintiff's motion for appointment of counsel be denied because the suit lacked sufficient merit to warrant appointment of counsel.

On May 29, 1987, as noted before, the court appointed Cheryl Stephan as counsel for Mrs. Harmon for the sole purpose of filing a memorandum in support of the motion for appointment of counsel and in opposition to the Magistrate's Report and Recommendation. Through counsel, Mrs. Harmon argued that the filing of this suit against Adams & Sons Roofing gave the requisite notice to Adams & Sons Roofing and Construction of LaPorte County, Inc. for amendment under Fed.R.Civ.P. 15(c). Therefore, Mrs. Harmon filed, by counsel, a motion to amend her complaint to correct the misnomer and urged the court to appoint counsel for Mrs. Harmon to litigate the merits of her complaint.

The defendant, Adams & Sons Roofing, argues that Mrs. Harmon knew when she filed her EEOC charge and this lawsuit, there were two separate and distinct entities, but she chose to name the sole proprietorship. According to Jessie Adams' affidavit, Adams & Sons Roofing did not exist in 1984 and therefore had no employees. The affiant did state that Mrs. Harmon had worked for Adams & Sons Roofing and Construction of LaPorte County, Inc. in December of 1984, but not in January of 1985.

On October 13, 1987, Mrs. Harmon filed with the court a reply to the defendant's response arguing that she did not know for whom she was working, and therefore took the name from a receipt that shows an account in the name of Adams & Sons Construction. Mrs. Harmon argues if she had counsel when requested, at the time of the filing of this lawsuit, the defendant's name could have been corrected at that time.

## II.

Two issues face the court in addressing this matter before it:

A. Whether Mrs. Harmon may amend her complaint to correct the identity of the defendant to now be Adams & Sons Roofing and Construction of LaPorte County, Inc.

B. Whether Mrs. Harmon's claim has sufficient merit to justify this court appointing counsel.

## A.

Whether to grant Mrs. Harmon leave to amend her complaint hinges on the reading of Rule 15(c). If the amendment does not relate back to the time of the filing of her complaint, her claim against the corporation would be untimely; more than ninety days have elapsed since Mrs. Harmon received notice of her right to sue. 42 U.S.C. § 2000e–5(f)(1). Relation back under Rule 15(c) depends upon four factors:

(1) the basic claim must have arisen out of the conduct set forth in the original pleading;

(2) the party to be brought in must have received notice such that it will not be prejudiced in maintaining its defense;

(3) that party must or should have known that but for a mistake concerning identity, the action would have been brought against it; and

(4) the second and third requirements must have been fulfilled within the prescribed limitations period.

*Schiavone v. Fortune,* 477 U.S. 21, 106 S.Ct. 2379, 2384, 91 L.Ed.2d 18 (1986).

In *Schiavone v. Fortune,* the Court accepted the literal meaning of the Rule. To do otherwise would be to ignore what the Rule provides in plain language. *Id.,* 106 S.Ct. at 2385. The court found the "linchpin" to Rule 15(c) was notice within the limitations period. *Id.*

In *Schiavone,* the plaintiffs had filed a libel action, within the statute of limitations, against Fortune Magazine. The complaint, mailed to Time's registered agent after the statute of limitations had expired, was refused because Time was not a named defendant. The plaintiffs amended their complaint to name Fortune, a/k/a Time, Incorporated. The Supreme Court held that the district court properly dismissed the complaints because it was not shown that the defendants received notice of the institution of the actions within the period provided by New Jersey law.

■ The Supreme Court acknowledged that some courts have recognized an "identity of interest" exception to the rule that denies an amendment of a complaint to substitute a party after the statute of limitations has run. *Id.* at 2383. This exception is intended to avoid the application of the statute of limitations when no prejudice would result to the party sought to be added. *Id.* at 2384. Timely filing of a complaint and notice to the party named in the complaint within the limitations period permits imputation of notice to a later named, sufficiently related party. *Id.* This exception, although inapplicable to *Schiavone,* governs the case at bar.

The defendant argues that Mrs. Harmon knew two identities existed when she filed her EEOC claim and this lawsuit.[1] The EEOC claim shows Mrs. Harmon filed her action against Adams & Sons Roofing, d/b/a Adams & Sons Roofing and Construction of LaPorte County, Inc., the defendant argues; the corporate entity was not a party to any proceeding before the EEOC and thus was denied its administrative remedies before that agency. The statute of limitations on the plaintiff's claim against the corporate defendant has run; the corporate defendant would be denied procedural due process by being forced to defend litigation at extreme cost after expiration of the statute of limitation and before being able to defend the allegations against it in front of the EEOC. The defendant then chastises the plaintiff for exhibiting "inexcusable neglect" in prose-

---

1. The defendant's contention that Mrs. Harmon knowingly chose to initiate her actions against the sole proprietorship defies belief: the sole proprietorship had no employees and was not doing business in 1984; the defendants have offered no plausible explanation why Mrs. Harmon would file against that entity with knowledge of the existence of the corporation.

cuting her claim before the EEOC and the bringing of this complaint against the wrong entity by choice.

■ A technical reading of Title VII is inappropriate in a statutory scheme in which laymen, unassisted by trained lawyers, initiate the process. *Zipes v. Transworld Airlines, Inc.*, 455 U.S. 385, 397, 102 S.Ct. 1127, 1134, 71 L.Ed.2d 234 (1981), *citing Love v. Pullman Co.*, 404 U.S. 522, 527, 92 S.Ct. 616, 619, 30 L.Ed.2d 679 (1972). Title VII is remedial in nature and not designed only for the sophisticated; it is a mechanism by which "a large number of charges filed with the EEOC are filed by ordinary people unschooled in the technicalities of the law". *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 463 (5th Cir. 1970), *rehg. denied.*

The filing requirements of Title VII usually are held to preclude plaintiffs from naming defendants not named in the EEOC charge. *Hargrove v. Stablien*, 34 F.E.P. 1312 (M.D.Tenn.1984) [available on WESTLAW, 1984 WL 982]. The defendant argues that because Mrs. Harmon did not name the corporate entity in her EEOC complaint she cannot now name it in her district court action. There are, however, exceptions to this rule.

> One recognized exception existing is if the relationship between the named party and the unnamed defendant is that of ... substantially identical parties.

*Bostic v. Wall*, 588 F.Supp. 994, 997 (W.D. N.C.1984), *citing Mickel v. South Carolina State Employment Service*, 377 F.2d 239, 241 (4th Cir.1967).

■ By naming Adams & Sons Roofing Co. instead of Adams & Sons Roofing and Construction of LaPorte County, Inc., Mrs. Harmon gave the corporation sufficient notice both as to the EEOC claim and this lawsuit. The sole proprietorship and the corporation shared the address that appeared on the EEOC record and on the plaintiff's complaint. Harvey and Jessie Adams were affiliated with both the sole proprietorship and corporate entity, and

should have known that, but for a mistake concerning identity, this lawsuit and the EEOC claim would have been brought against the corporate entity.

To deny Mrs. Harmon's motion to amend her complaint would be to ignore the longstanding precedent set by the Supreme Court to view a lay person's filing of an action under Title VII in the most liberal vein. Because of the substantially close identity of interest apparent in the two entities, the defendant had the requisite notice of this action within the statutorily prescribed time limit. Therefore, amendment of the complaint does not offend the plain meaning of Rule 15(c). Accordingly, the court concludes that the plaintiff's motion to amend her complaint to name Adams & Sons Roofing and Construction of LaPorte County, Inc. should be granted.

### B.

■ In his report and recommendation that Mrs. Harmon's motion for appointment of counsel be denied, Magistrate Pierce properly considered the factors set forth in *Darden v. Illinois Bell Telephone Co.*, 797 F.2d 497, 500–501 (7th Cir.1986): (1) the merits of the plaintiff's claim; (2) the plaintiff's diligence in attempting to obtain an attorney; and (3) the plaintiff's financial ability to retain counsel. Magistrate Pierce found that Mrs. Harmon was financially unable to retain counsel and that she had been diligent in attempting to retain counsel. Because she had named the wrong party, however, Magistrate Pierce concluded that her complaint against Adams & Sons Roofing was doomed to failure.[2] Accordingly, he recommended denial of the motion for appointment of counsel.

■ Amendment of Mrs. Harmon's complaint breathes life into her hopes for success. The merits of her claim no longer warrant denial of her request for counsel. Because her complaint is not plainly without merit and she is financially unable to

---

**2.** Magistrate Pierce had before him no motion to amend the complaint. Accordingly, based on the record before him, which included the de-

fendant's summary judgment motion, Magistrate Pierce was correct that Mrs. Harmon could not prevail on the basis of her complaint.

retain counsel despite diligent effort, the court concludes that, in the exercise of discretion, her motion for appointment of counsel should be granted. Accordingly, the court concludes that Mrs. Harmon's motion for appointment of counsel should be granted.

### III.

For the foregoing reasons, the court GRANTS the plaintiff's motion to amend her complaint to name as defendant Adams & Sons Roofing and Construction of La-Porte County, Inc., SUSTAINS Mrs. Harmon's objection to the Magistrate's Report and Recommendation, and GRANTS her motion for appointment of counsel.

Accordingly, while this court neither has nor expresses an opinion on the merits of the plaintiff's claim at this point, the record reveals both financial need and a good faith, diligent attempt on the part of the plaintiff to obtain private counsel. The court now appoints Susan H. Hemminger, 703 Michigan Ave., LaPorte, IN 46350, Tele: (219) 326–8128, as counsel for the plaintiff herein. However, if appointed counsel concludes after a thorough investigation of the facts and research of the law that this claim is wholly lacking in merit, counsel may petition this court to withdraw as plaintiff's counsel.

SO ORDERED.