Michael A. FRANKLIN and Twila Franklin, Plaintiffs,

v.

NORFOLK & WESTERN RAILWAY COMPANY, a corporation and U.S. Steel Corporation, Defendant.

NORFOLK & WESTERN RAILWAY CO., Third–Party Plaintiff,

v.

UNITED STATES STEEL MINING CO., INC., Third–Party Defendant.

Civ. A. No. 5:88–0192.

United States District Court, S.D. West Virginia, Beckley Division.

Sept. 1, 1988.

Norris Kantor, Katz, Kantor & Perkins, Bluefield, W.Va., Stephen P. Gast, Grieser, Schafer, Blumenstiel & Slane Co., L.P.A., Columbus, Ohio, for plaintiffs.

Wade T. Watson, Sanders, Watson & White, Bluefield, W.Va., for the defendant N & W.

Michael B. Victorson, Robinson & McElwee, Charleston, W.Va., David A. Luptak, Pittsburgh, Pa., for third-party defendant U.S. Steel Min. and U.S. Steel.

## MEMORANDUM ORDER

HALLANAN, District Judge.

This matter is before the Court via the motion of Defendant U.S. Steel Corporation to dismiss, and via the motion of the Plaintiffs to amend the Complaint. After careful consideration the Court is prepared to rule on said motions.

U.S. Steel Corporation (hereinafter "USX") (U.S. Steel Corporation changed its name to USX Corporation in July 1986) has moved for its dismissal as a Defendant on the ground that it did not own the locomotive which allegedly injured the Plaintiff Michael Franklin. USX in its motion stated that U.S. Steel Mining Co., Inc., (hereinafter "U.S. Steel Mining") owned the locomotive, and characterized itself and U.S. Steel Mining as "two separate and distinct legal entities in operation and function." Although it seemed that a question of fact initially existed as to the ownership of the locomotive, it is now apparent that U.S. Steel Mining owned the locomotive. Answer of Third–Party Defendant U.S. Steel Mining Co., Inc. at 2. Accordingly, USX, the parent of U.S. Steel Mining, cannot be liable for the debts of its subsidiary unless the corporate veil has been pierced. Absent proof of the perpetration of fraud or some illegality such as undercapitalization of the subsidiary by the parent which makes the subsidiary a sham corporation, the corporate veil cannot be pierced. *Southern Electrical Supply Co. v. Raleigh County National Bank,* 320 S.E.2d 515 (W.Va.1984). As no such allegations have been pled here, the Court believes that the parent and subsidiary in the instant case function independently enough of one another so as to prevent the piercing of the corporate veil. As USX did not own, control or maintain the locomotive in question, and as USX cannot be held accountable for the debts of its subsidiary which owned the locomotive, USX is not a proper party to this litigation. Accordingly, for the above reasons, the motion to dismiss is hereby ORDERED GRANTED.

Having learned that U.S. Steel Mining owned the locomotive, the Plaintiffs have moved to amend their complaint to include

U.S. Steel Mining as a defendant. U.S. Steel Mining objects to such amendment on the ground that the statute of limitations has run and that the Plaintiffs cannot meet the requirements of Fed.R.Civ.P. 15(c) which allow the relation back of amendments to pleadings. After careful consideration, this Court is of the belief that the Plaintiffs can meet the standards of Rule 15(c). These standards have been articulated by the United States Supreme Court in *Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986). Moreover, the Court believes that the identity-of-interest test articulated by various courts and not expressly rejected or adopted by the Supreme Court in *Schiavone* applies to the instant case and also allows amendment of the Complaint.

■ The Supreme Court in *Schiavone* stated that relation back for purposes of Rule 15(c) was dependent upon four factors:

> (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period.

*Schiavone*, 106 S.Ct. at 2384. This Court believes that all four standards have been met in the instant case. First, the claim against U.S. Steel Mining arises out of the same incident as the original pleading. Second, U.S. Steel Mining had notice of the pendency of the action such that it will not be prejudiced in maintaining a defense. Although not dispositive of the issue, the same lawyers represent USX and U.S. Steel Mining, and were fully aware of the confusion over the ownership of the locomotive. *See Barkins v. International Inns, Inc.*, 825 F.2d 905, 907 (5th Cir.1987) (several cases of this Court have held that notice to counsel constitutes notice to a client for Rule 15(c) purposes); *Florence v.*

*Krasucki*, 533 F.Supp. 1047, 1054 (W.D.N.Y.1982) (as same counsel represents additional defendants sought to be joined, the Court finds the individual defendants have received the notice required by Rule 15(c)); *Kaplan v. Industrial Risk Insurers*, 86 F.R.D. 484, 491 (E.D.Pa.1980) (as defense counsel will continue to represent the joined defendants, the propriety of deeming the amendment to relate back is most clear). Furthermore, an inquiry was made before the expiration of the limitations period as to the ownership of the locomotive. U.S. Steel Mining therefore had notice that a suit had been initiated out of the occurrence of a fire on one of its locomotives. A defendant's having received notice of a lawsuit, versus merely having received notice of the incident giving rise to the lawsuit, satisfied the Ninth Circuit's concern over Rule 15(c)'s "notice of the institution of the action." *Craig v. U.S.*, 413 F.2d 854 (9th Cir.1969), *cert. denied*, 396 U.S. 987, 90 S.Ct. 483, 24 L.Ed.2d 451 (1969). Moreover, U.S. Steel Mining is properly before the Court as a Third–Party Defendant and must defend that charge in any event, thus, the Court does not believe that it will be prejudiced in maintaining a defense by being brought in as a Defendant. Third, the Court believes that U.S. Steel Mining knew or should have known that, but for a mistake over the ownership of the locomotive, it would have been named as a Defendant. U.S. Steel Mining knew that it owned the locomotive and that confusion surrounded that issue. (The Plaintiffs' confusion existed in part from reliance upon a letter of the Assistant Medical Director of USX stating that USX owned the locomotive.) Fourth, this Court believes that the second and third requirements, notice and mistake, have been fulfilled within the prescribed limitations period. The Plaintiffs brought suit prior to the expiration of the limitations period, and inquiries as to ownership were made prior to the running of the limitations period.

■ Additionally, this Court believes that the instant case satisfies the requirements of the identity-of-interest test under which an amendment that substitutes a party in a complaint after the limitations

period has run will relate back to the date of the filing of the original complaint. The identity-of-interest test was used by many courts prior to the 1966 amendments to Rule 15(c), which amendments set forth more clearly when an amendment of a pleading charging the party against whom a claim is asserted shall "relate back" to the date of the original pleading, to prevent the barring effect of statutes of limitation when the named and intended parties were closely related. C. Wright and A. Miller, *Federal Practice and Procedure*, § 1499 (1971). Various courts continue to use the identity-of-interest test as an exception to Rule 15(c). *See, e.g., Waguespack v. Aetna Life & Casualty Co.*, 795 F.2d 523 (5th Cir.1986); *Korn v. Royal Caribbean Cruise Line, Inc.*, 724 F.2d 1397 (9th Cir. 1984); *Wood v. Worachek*, 618 F.2d 1225 (7th Cir.1980); *Montalvo v. Tower Life Building*, 426 F.2d 1135 (5th Cir.1970); *Travelers Indemnity Co. v. U.S., ex rel Construction Specialties Co.*, 382 F.2d 103 (10th Cir.1967); *Lynn v. City of Chicago*, C.A. No. 86–C–2207 (May 4, 1988, N.D.Ill.) [available on WESTLAW, 1988 WL 46665]; *Harmon v. Adams & Sons Roofing Co.*, 120 F.R.D. 78 (N.D.Ind.1987). *Cf. Allied International, Inc. v. International Longshoremen's Assoc., AFL–CIO*, 814 F.2d 32 (1st Cir.1987); *Northcutt v. Goble*, C.A. No. 86–109 (July 22, 1988, E.D.Ky.)

The Supreme Court in *Schiavone* did not reject or adopt the identity-of-interest test. The Court merely concluded that the facts of that case would not fall within the exception because neither the named defendant nor the defendant sought to be added to the action had received notice of the filing of the complaint until after the period of limitations had run. In the instant case the originally named Defendant received notice of the filing of the Complaint before the expiration of the limitations period. (Although the accident in question occurred on July 12, 1985, and the Plaintiffs' suit was not brought before this Court until February 12, 1988, the Plaintiffs had instituted suit in the Common Pleas Court of Allegheny County, Pennsylvania, on April 9, 1987. Defendant Norfolk and Western alleged *forum non conveniens* and had the case transferred to this Court. Upon transferral the Defendants Norfolk and Western and USX agreed to waive any statute of limitations defenses that otherwise would not have existed had the matter been filed in a more appropriate forum.)

This Court believes that the relationship of USX and United Steel Mining as parent and subsidiary satisfies the identity-of-interest test. As stated by the Supreme Court in *Schiavone*, "the object of the [identity-of-interest] exception is to avoid the application of the statute of limitations when no prejudice would result to the party sought to be added." *Schiavone*, 106 S.Ct. at 2384. Wright and Miller state generally that the relationship of parent and a wholly owned subsidiary satisfies the identity-of-interest test. C. Wright & A. Miller, *supra*, § 1499 (1971). *See also Montalvo v. Tower Life Building*, 426 F.2d at 1147; *Travelers Indemnity Co. v. U.S. ex rel. Construction Specialties*, 382 F.2d at 106; *Wirtz v. Mercantile Stores, Inc.*, 274 F.Supp. 1000 (E.D.Okla.1967). As aforementioned, this Court believes the instant case to be appropriate for the application of the identity-of-interest test and does not believe that any prejudice will result to U.S. Steel Mining in being added as a defendant in the instant action.

In sum, this Court believes that the Plaintiffs' motion to amend the Complaint should be granted. The satisfaction of both the *Schiavone* standards under Rule 15(c) and the identity-of-interest test mandates such an amendment. Moreover, Fed. R.Civ.P. 1 states that the Federal Rules "shall be construed to secure the just, speedy and inexpensive determination of every action." Rule 8(f) states that "[a]ll pleadings shall be so construed as to do substantial justice." Rule 15(a) states that "leave shall be freely given" to amend pleadings "when justice so requires." This Court believes that justice will be served by allowing amendment of the Plaintiffs' Complaint to include the true owner of the locomotive, U.S. Steel Mining, as a Defendant. For the above reasons the Plaintiffs'

motion to amend is hereby ORDERED GRANTED.