**Jacob JOHNSON, Jr., Plaintiff,**

v.

**Phyllis BROWN, et al., Defendants.**

**No. S92–46M.**

United States District Court,
N.D. Indiana,
South Bend Division.

Sept. 28, 1992.

Donald W. Rice, Portage, Ind., for plaintiff.

Shaw R. Friedman, LaPorte, Ind., for defendants.

## MEMORANDUM AND ORDER

MILLER, District Judge.

Plaintiff Jacob Johnson, Jr. brought this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, alleging that the defendants discriminated against him because of his race. The defendants seek dismissal under Fed.R.Civ.P. 12(b)(1), claiming that Mr. Johnson failed to file his complaint within ninety days after receipt of his right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"). 42 U.S.C. § 2000e–5(f)(1). The motion requires the court to consider several issues that appear to be open questions in this circuit. The court must decide (1) whether the ninety-day period was tolled when Mr. Johnson filed his petition to proceed *in forma pauperis;* (2) if so, when the ninety-day period began to run anew; (3) whether Mr. Johnson's complaint was filed within the ninety-day period as extended by the tolling; and (4) if not, whether equitable tolling is available to defeat the dismissal motion. For the following reasons, the court finds that the defendants' motion should be denied.

### I.

Mr. Johnson received his EEOC right-to-sue letter on October 11, 1991. Seventy-seven days later, on December 27, Mr. Johnson presented an application to proceed *in forma pauperis* and (perhaps) a copy of his EEOC right-to-sue letter to the court clerk. On January 6, 1992, Mr. Johnson submitted his complaint to the court clerk, who stamped the complaint "RECEIVED".

On January 17, the court denied Mr. Johnson's application to proceed *in forma pauperis* and dismissed his complaint without prejudice with "leave to refile upon payment of the $120.00 filing fee." January 17 was a Friday, and January 20 was a holiday; hence January 21 was the first working day after the order was signed. On January 21, the court clerk docketed the court's January 17 order dismissing Mr. Johnson's complaint. On the same day, however, the clerk stamped Mr. Johnson's complaint "FILED".

Finally, on February 6, Mr. Johnson paid the $120.00 filing fee and the clerk issued the summons. When Mr. Johnson paid the fee, the clerk did not require him to file a new complaint, nor did the clerk stamp the original complaint "filed" or "refiled" as of February 6.

### II.

Title VII requires that Mr. Johnson commence any civil action within ninety days after receipt of his EEOC notice of right-to-sue letter. 42 U.S.C. § 2000e–5(f)(1). The ninety-day filing period is not a jurisdictional prerequisite; instead, it is

subject to equitable tolling. *Anooya v. Hilton Hotels Corp.*, 733 F.2d 48, 49 (7th Cir.1984); *Gardner v. U.S. Steel*, 670 F.Supp. 1411, 1413 (N.D.Ind.1987); *see also Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984).

Thus, the court first must determine whether Mr. Johnson filed his complaint within ninety days after receipt of his right-to-sue letter. If so, the court has subject matter jurisdiction. If not, the court must then decide whether equitable considerations permit Mr. Johnson's complaint to be deemed timely.

### A.

■ The ninety-day period begins to run the day the plaintiff receives his EEOC right-to-sue letter. *Jones v. Madison Service Corp.*, 744 F.2d 1309, 1312 (7th Cir. 1984). In *Harris v. National Tea Co.*, 454 F.2d 307 (7th Cir.1971), the court held that the ninety-day period is tolled when the plaintiff files an application to proceed *in forma pauperis*, and remains tolled while the application pends. *See also Ortiz v. Clarence H. Hackett, Inc.*, 581 F.Supp. 1258, 1261 (N.D.Ind.1984).

The defendants argue that the ninety-day period might never have been tolled. They note that the docket and file are somewhat ambiguous as to whether Mr. Johnson's right to sue letter accompanied his petition to proceed *in forma pauperis*, or instead was filed later. The defendants point to *Gardner v. U.S. Steel*, 670 F.Supp. 1411, 1413 (N.D.Ind.1987), as indicating that a petition to proceed *in forma pauperis* does not toll the limitations period unless the plaintiff's right-to-sue letter is attached to the petition. The *Gardner* court did not so hold; it simply mentioned the possible existence of such an issue in light of *Brown v. J.I. Case Co.*, 756 F.2d 48 (7th Cir.1985).

*Brown*, however, contains no holding that a pauper petition or a request for appointment of counsel cannot toll the limitations period absent a simultaneous submission of the right-to-sue letter. The plaintiff had filed his right-to-sue letter and a request for appointment of counsel with-

in the limitations period. The *Brown* court held that "[t]he remedial purposes of Title VII and the special equitable circumstances raised by a request for appointment of counsel justify a general rule allowing a request for appointed counsel combined with the presentation of a Notice of Right–to–Sue to toll the running of the ninety-day period until the court acts upon the counsel request." 756 F.2d at 50. To hold that the facts then before the court allow a general rule does not constitute a holding that the right-to-sue letter is a necessary ingredient in any tolling of the limitations period.

Accordingly, the court concludes that the limitations period was tolled on December 27, when Mr. Johnson filed his petition to proceed *in forma pauperis*. It remains to be determined when the limitations began to run again.

### B.

■ Mr. Johnson received his EEOC right-to-sue letter on October 11, 1991. He filed the letter and an application to proceed *in forma pauperis* seventy-seven days later, on December 27. The court denied his application on January 17. Thus, Mr. Johnson had at least thirteen days, until January 30, to file his complaint.

Mr. Johnson contends that he had more than thirteen days. He maintains that the ninety-day limitations did not begin to run anew until he received notice of the denial of his *in forma pauperis* application. Because the ruling was sent by regular mail, no formal record exists of the date it was served on Mr. Johnson, and Mr. Johnson does not recall when he received it. Accordingly, Mr. Johnson contends that the three-day presumption of Fed.R.Civ.P. 6(e) should come into play. By Mr. Johnson's reasoning, the clerk mailed the order the day it was docketed (January 21) and he should be presumed to have received the order three days later, on January 24. Thus, he contends, he had thirteen days from January 24 within which to file his complaint. February 6, perhaps fortuitously, was precisely thirteen days from January 24.

Mr. Johnson contends that the Due Process Clause commands his theory's application. At best, however, Mr. Johnson had a right to notice of the denial of pauper petition. Whether that right arises from the Due Process Clause is a moot point; Fed. R.Civ.P. 77(d) obliged the clerk to notify Mr. Johnson of the ruling by regular mail. Mr. Johnson had no due process right, however, to have thirteen more days within which to file his complaint. Rule 6(e) provides no such right; that rule simply builds in three days for receipt of mail whenever a party must act within a prescribed period of time after service of a notice. Neither Rule 6(e) nor any other provision of the law provides that a petitioner for pauper status benefits from tolling until notice is received.

Although no case specifically has held that the ninety-day limitations period of Title VII begins to run anew when the pauper petition is decided, rather than when the plaintiff learns of the decision, the absence of any provision to the contrary has led several courts to so assume. *See, e.g., Brown v. J.I. Case Co.*, 756 F.2d 48, 51 (7th Cir.1985) ("the running of the ninety-day filing period should have been tolled until the ... denial of his request for appointed counsel."); *Coulibaly v. T.G.I. Friday's, Inc.*, 623 F.Supp. 860, 862 (S.D.Ind.1985) ("The statutory period began to run again on ... the day this Court granted Coulibaly's motion to proceed *in forma pauperis*.").

The Due Process Clause does not require deadlines to be computed from receipt of notice rather than court action. The time for filing a notice of appeal, for example, runs from the date of judgment rather than receipt of notice of the court action. *See* Fed.R.Civ.P. 77(d); Fed.R.App.P. 4(d). Parties or their counsel are given the responsibility of checking the status of the case to assure that clerical error or delay will not affect their substantive rights. *See, e.g., Tucker v. Commonwealth Land Title Ins. Co.*, 800 F.2d 1054, 1056 (11th Cir.1986).

Accordingly, the court concludes that Mr. Johnson's ninety-day period resumed operation on January 17, when the court denied the pauper petition. Mr. Johnson had thirteen days from that date in which to file his complaint. It remains to be determined whether the complaint was filed before January 30.

C.

■ Mr. Johnson's complaint already was in the clerk's possession when his pauper petition was denied. Indeed, the clerk stamped Mr. Johnson's complaint "FILED" on January 21, four days after the court dismissed the complaint. On January 21, the clerk also docketed the court's January 17 order dismissing the complaint. As noted before, Mr. Johnson paid the $120.00 filing fee on February 6.

The defendants contend that Mr. Johnson's complaint was not "filed" until February 6, when he paid the filing fee and the clerk issued summons. To support their position, the defendants cite Rule 3(a) of the Local Rules of the United States District Court for the Northern District of Indiana and *Robinson v. America's Best Contacts and Eyeglasses*, 876 F.2d 596 (7th Cir.1989). Mr. Johnson contends that his complaint was filed when the clerk stamped it "FILED" on January 21.

"A civil action is commenced by filing a complaint with the court." Fed.R.Civ.P. 3. District Rule 3(a) reads: "The clerk of this district court shall require parties instituting any civil action, suit or proceeding to pay a filing fee, except as may otherwise be provided by law." District Rule 3(a); 28 U.S.C. § 1914(a).

*Ortiz v. Clarence H. Hackett, Inc.*, 581 F.Supp. 1258 (N.D.Ind.1984), considered whether Local Rule 3(a) required the payment of a filing fee before a complaint was considered filed. In *Ortiz*, the plaintiff filed a *pro se* complaint and an application to proceed *in forma pauperis* seventy-eight days after receiving his right-to-sue letter. The court denied the plaintiff's application, but ordered that the case would proceed upon payment of the filing fee. *Ortiz*, 581 F.Supp. at 1259. Forty-one days after the denial of his application, the plaintiff filed a motion to reconsider, and upon

reconsideration the court granted the plaintiff's application to proceed *in forma pauperis.*

The defendant then sought dismissal, claiming that the plaintiff failed to file his complaint within the ninety-day statutory period. The court agreed. Specifically, the court stated that "[a]n action is filed with the District Court upon payment to the clerk of a filing fee." *Ortiz,* 581 F.Supp. at 1261. Because the plaintiff neither paid the filing fee nor moved for reconsideration within the ninety-day period, his complaint was untimely.

The Seventh Circuit, however, has indicated that failure to conform strictly with a district rule is not always a jurisdictional bar to bringing suit. Specifically, the court stated:

> If the plaintiff has filed a complaint in compliance with [Title VII] and the Federal Rules of Civil Procedure, it should be deemed "filed" for statute of limitations purposes.... As the Ninth Circuit has pointed out, 'the district court should regard as "filed" a complaint which arrives in the custody of the clerk within the statutory period but fails to conform with formal requirements in local rules.'

*Gilardi v. Schroeder,* 833 F.2d 1226, 1233 (7th Cir.1987) (citing *Loya v. Desert Sands Unified School District,* 721 F.2d 279, 281 (9th Cir.1983)); *see also Lyons v. Goodson,* 787 F.2d 411, 412 (8th Cir.1986) ("We hold that, for purposes of the statute of limitations, a complaint is 'filed' when it is lodged with the court even though it is technically deficient under local rules.").

Other courts, in agreement with this view, have held that the timely payment of filing fees under 28 U.S.C. § 1914 is not a jurisdictional prerequisite to maintaining an action. In *Rodgers on behalf of Jones v. Bowen,* 790 F.2d 1550 (11th Cir.1986), the plaintiff submitted his complaint and an application to proceed *in forma pauperis* within the statutory period. After the district court denied his application, the plaintiff paid the filing fee after the statute of limitations had run. The court of appeals held that complaint was "filed" for statute of limitations purposes when it was in

clerk's possession, "regardless of the untimely payment of the required filing fee." *Rodgers,* 790 F.2d at 1552.

Thus, Mr. Johnson's complaint should be deemed filed by January 21 at the latest, notwithstanding his failure to pay the filing fee until February 6. Although *Rodgers* addressed the issue of whether the late payment of fees required by 28 U.S.C. § 1914 was a jurisdictional bar to bringing suit, it is squarely on point since the language in District Rule 3(a) is, in pertinent part, identical to § 1914.

Mr. Johnson's case is distinguishable from *Ortiz.* First, *Ortiz* preceded *Rodgers* and *Gilardi.* Based upon *Gilardi,* "filing" for statute of limitations purposes is satisfied when the complaint is in the clerk's custody. A district rule should no longer act as a jurisdictional bar. Under *Rodgers,* Mr. Johnson's complaint was timely because it was lodged with the clerk within the extended limitations period.

The defendant's reliance upon *Robinson v. America's Best Contacts and Eyeglasses,* 876 F.2d 596, is unavailing. In *Robinson,* the plaintiff presented the court with his complaint and application to proceed *in forma pauperis* on November 23, 1987. The complaint was marked "received" and "docketed". The court denied the plaintiff's request to proceed *in forma pauperis* on November 30, 1987. The plaintiff then sought and was granted a ninety-day extension within which to pay his filing fee. On January 25, 1988, the plaintiff paid the fee and the next day the clerk stamped his complaint "filed".

The court addressed the issue of whether, under Fed.R.Civ.P. 4(j), the plaintiff's complaint was filed on November 23, 1987 or January 26, 1988. The court held that the plaintiff's complaint was filed on January 26, 1988, when the plaintiff paid the filing fee and the clerk stamped the complaint "filed" and issued the summons. *Robinson,* 876 F.2d at 598.

*Robinson* addressed the issue of when a complaint was deemed filed under Fed.R.Civ.P. 4(j), not Fed.R.Civ.P. 3. In *Gilardi v. Schroeder,* 833 F.2d 1226, however, the court determined that a complaint was

deemed filed under Fed.R.Civ.P. 3 for statute of limitations purposes when the complaint was in the court clerk's custody, notwithstanding total compliance with a local rule. *See also Smith–Bey v. Hospital Administrator*, 841 F.2d 751, 757 n. 5 (7th Cir.1988) (noting difference between when filing occurs for purposes of Fed.R.Civ.P. 3 or Fed.R.Civ.P. 4).

Further, the *Robinson* court relied on Rule 11 of the Local Rules of Practice for the United States District Court for the Northern District of Illinois, which provided a detailed process for granting or denying *pro se* complaints and *in forma pauperis* applications. *See Robinson*, 876 F.2d at 598. This district's Rule 3(a) is not a detailed rule regarding *pro se* complaints or *in forma pauperis* applications, and this district has no comparable district rule. District Rule 3(a) does not state that a complaint, once filed or accepted, can be dismissed upon the failure to pay filing fees.

In *Robinson*, the plaintiff paid the filing fee and the clerk stamped the complaint "filed" and issued the summons on the same day. In the instant case, the clerk stamped the complaint "filed" within the ninety-day period, but Mr. Johnson paid the filing fee and the clerk issued summons after the statute of limitations had run. Thus, the *Robinson* court faced a different factual situation than the present case. For these reasons, *Robinson* does not apply to the instant case.

The court finds the reasoning of *Rodgers on behalf of Jones v. Bowen*, 790 F.2d 1550, to be persuasive under the circumstances of this case. Undoubtedly, there are limits to the rule stated in *Rodgers;* a plaintiff should not be allowed to wait many months or years between submission of the complaint and compliance with the filing fee requirement. Such facts are not, however, before the court. Mr. Johnson's complaint was filed on January 21, when the clerk stamped his complaint "FILED". This was within the ninety-day statutory period. Therefore, the defendants' motion to dismiss must be denied.

D.

■ At the hearing on the dismissal motion, the court indicated an inclination to rely on other approaches to equitable tolling as an alternative holding. The court no longer believes it is appropriate to do so. Although a technical reading of the filing provision of Title VII is "particularly inappropriate in a statutory scheme in which laymen, unassisted by lawyers, initiate the process", *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 397, 102 S.Ct. 1127, 1134, 71 L.Ed.2d 234 (1972); *Harmon v. Adams & Sons Roofing Co.*, 120 F.R.D. 78, 81 (N.D.Ind.1987); *Ortiz*, 581 F.Supp. at 1260, and Mr. Johnson acted with reasonable promptness, the court does not believe that further grounds for equitable tolling have been made out of this record.

Equitable tolling is fitting where the court has led the plaintiff to believe that he has done everything required of him. *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151, 104 S.Ct. 1723, 1725, 80 L.Ed.2d 196 (1984). Similarly, courts have held that equitable tolling is applicable where the court clerk misleads a plaintiff in the filing of his complaint or otherwise errors in the filing process. *Gonzalez–Aller Balseyro v. GTE Lunkert, Inc.*, 702 F.2d 857 (10th Cir.1983) (equitable tolling appropriate where court clerk misinformed the plaintiff, by letter, that the ninety-day period stopped running from the time he filed his right-to-sue letter until the plaintiff obtained counsel); *Ynclan v. Department of Air Force*, 943 F.2d 1388 (5th Cir.1991) (equitable tolling appropriate where clerk of court delays in stamping complaint "filed"); *Hernandez v. Aldridge*, 902 F.2d 386 (5th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 962, 112 L.Ed.2d 1049 (1991) (same); *see also Bell v. Veteran's Administration Hospital*, 654 F.Supp. 69, 70 (W.D.La.), *aff'd*, 826 F.2d 357 (5th Cir.1987) (implying that the clerk's stamping "received" on the complaint might be sufficient to require equitable tolling).

Nothing in the record supports a finding that Mr. Johnson actually was misled. Mr. Johnson simply points to the facts set forth

in the court file and the docket sheet. No affidavit indicates that Mr. Johnson believed his complaint already had been filed, or that he had acquired six extra days within which to pay the filing fee. Indeed, his subsequent payment of the filing fee provides strong evidence that he knew action still was required to start his suit.

Accordingly, the court does not believe that other forms of equitable tolling (apart from the tolling triggered by the filing of the pauper petition) are available to Mr. Johnson. Nonetheless, because his complaint and right-to-sue letter had been lodged with the clerk before January 30, Mr. Johnson need not rely on other grounds for equitable tolling. His complaint was timely filed.

### III.

Accordingly, the defendants' motion to dismiss is hereby DENIED.

SO ORDERED.