**Daniel SAGER, Plaintiff,**

**v.**

**HUNTER CORPORATION, et al., Defendants.**

**No. 86 C 5923.**

United States District Court,
N.D. Illinois, E.D.

Oct. 28, 1986.

On Motion to Reconsider
April 24, 1987.

Mahendra R. Mehta, Chicago, Ill., for plaintiff.

Robert E. Cronin, Isham, Lincoln & Beale, Howard R. Barron, Jenner & Block, and Joel J. Sprayragen, Shefsky, Saitlin & Forelich, Ltd., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

GETZENDANNER, District Judge:

Plaintiff Daniel Sager brings this action under Title VII of the Civil Rights Act of 1964 against defendants Hunter Corporation, Malcolm Somsag, Russel Irish, and Commonwealth Edison. Before the court are motions of the defendants to dismiss the complaint for failure to state a claim upon which relief can be granted. For the reasons stated herein, the motions are all granted.

The facts of plaintiff's complaint, which the court takes as true on this motion, are that the defendants demoted and then eventually discharged plaintiff because he failed to comply with defendants' demands that he pressure his girlfriend to drop sexual harassment charges she had brought against Irish. These events occurred in December, 1984. Plaintiff filed his own charge of discrimination with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission on February 24, 1985. The EEOC issued its "Right to Sue" letter on July 30, 1985 which plaintiff received "sometime in September 1985." Complaint at ¶ 2. Plaintiff then filed a complaint in the Circuit Court of Cook County, case No. 85 L 24951, on October 28, 1985, which was within ninety days from the date he received his right to sue notice. Id. at ¶ 3. The defendants named in that action are identical to the defendants named here. (Edison argues it was not a proper defendant in the state court action but this court will assume, without deciding, that it was.) Pursuant to an agreed order entered August 1, 1986, this action was "dismissed for want of prosecution, without prejudice to plaintiff's

right to file an action in federal court under Title VII, U.S.C." Id. at Ex. B. Plaintiff filed this instant action for relief under Title VII on August 11, 1986, over ten months since his receipt of the right to sue letter.

■ The sole question presented by the pending motions is whether this action is barred by Title VII's statute of limitations.[1] Under Title VII, a plaintiff has ninety days from receipt of the "Notice of Right to Sue" issued by the EEOC to file suit. *Jones v. Madison Service Corp.*, 744 F.2d 1309, 1312 (7th Cir.1984); *Archie v. Chicago Truck Drivers, Helpers and Warehouse Workers Union*, 585 F.2d 210 (7th Cir. 1978); see also 42 U.S.C. § 2000e–5(f)(1). Plainly, this pending lawsuit was filed substantially after the ninety-day period. However, plaintiff argues that the ninety-day period should be equitably tolled during the pendency of the interim state action.

Plaintiff cites *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), to support his statement that the ninety-day period for filing a Title VII action may be equitably tolled. *Zipes* actually only held that the time for filing a discrimination charge with the *EEOC* is subject to equitable tolling. Nevertheless, more recent Supreme Court cases have made clear that the same principles of equitable tolling apply to the ninety-day period for filing a Title VII *court* action. *See Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984); *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983). Under *Baldwin County*, for equitable tolling to apply plaintiff must show either (1) *excusable* ignorance of or noncompliance with, the limitations period, evidently with no prejudice to defendant, see, *e.g.*, *Gates v. Georgia-Pacific Corp.*, 492 F.2d 292 (9th Cir. 1974) (inadequate notice from EEOC of limitations period); *Harris v. Walgreen's*

---

**1.** Both parties have submitted materials outside of the pleadings on the limitations question. These materials address relevant matters not covered by plaintiff's allegations. Accordingly, the court continues to take the complaint's alle-

gations as true, but also accepts the extrinsic materials, which both parties have had an adequate time to present, and converts the pending motions into motions for summary judgment on the limitations question.

*Distribution Center,* 456 F.2d 588 (6th Cir. 1972) (pending motion for appointment of counsel triggers tolling); *Carlile v. South Routt School District RE 3–J,* 652 F.2d 981 (10th Cir.1981) (court had led plaintiff to believe she had complied with filing rules); or (2) affirmative misconduct of defendant that lulled the plaintiff into inaction, see, *e.g., Villasenor v. Lockheed Aircraft Corp.,* 640 F.2d 207 (9th Cir.1981); *Wilkerson v. Siegfried Insurance Agency, Inc.,* 621 F.2d 1042 (10th Cir.1980); *Leake v. University of Cincinnati,* 605 F.2d 255 (6th Cir.1979). *See generally Baldwin County,* 104 S.Ct. at 1725–26.

Plaintiff argues that tolling is appropriate here for two reasons. First, plaintiff contends that he filed his state court action in the "good faith" but erroneous belief that the state court had jurisdiction over plaintiff's claim. Because of this good faith state of mind and because the state filing put defendants on notice of plaintiff's Title VII claim, plaintiff concludes that his noncompliance with the ninety-day period should be excused. The court must reject this argument.

First, assuming that a good faith but improper filing of a Title VII action in Illinois state court is the sort of error which justifiably tolls the statute of limitations, under plaintiff's own argument plaintiff must show that his state action was based on Title VII. The fact of the matter is that plaintiff did not file a Title VII claim in state court. As the state court record shows, the state court complaint, unlike the instant federal complaint, never mentioned Title VII. The only body of law therein alleged to have been violated is Illinois law. "Such retaliatory actions to induce plaintiff and his girl friend to remain silent ... are in violation of the public policy of the state of Illinois and hence such actions are themselves illegal under Illinois law." State Complaint at ¶ 1. Title VII is not identified in the jurisdictional statement either. Only Illinois law is. "This court has jurisdiction over this matter under Art. 6 Sec. 9 of the Constitution of the State of Illinois...." *Id.* at Count 1, ¶ 1. On its face, then, the state court action was not a Title VII suit.

This conclusion is reinforced by the history of the state court proceedings. Plaintiff was represented by current counsel in the state court. The absence of a mention of Title VII in that complaint therefore cannot be explained away as the error of an inexperienced pro se litigant. (It is not clear whether counsel represented plaintiff at the time the complaint was drafted, but it is clear counsel was involved in the state court proceedings at the time the motions to dismiss were filed; counsel, however, made no attempt to amend the complaint.) Moreover, the defendants all moved to dismiss the complaint on the grounds that plaintiff had failed to exhaust his administrative remedies under the Illinois Human Rights Act (IHRA), Ill.Rev.Stat. ch. 68, § 6–101 et seq. These motions all indicate that the defendants understood plaintiff's complaint to be brought only under state law. The motions never mention Title VII. Plaintiff never responded to these motions nor even objected to their assumption that his action purported to arise only under Illinois law, though he had ample opportunity to do so (from the filing of the motions on February 28, 1986 to the dismissal of the action on August 1, 1986).

Finally, when plaintiff moved to withdraw the state lawsuit on August 1, at which time the evidence unambiguously shows plaintiff was represented by counsel, plaintiff stated explicitly that he "withdraws this Law suit to enable plaintiff to file the same in federal court under Title VII USCA. etc." Plaintiff's Motion to Withdraw at ¶ 1. By indicating that the "same" suit would be filed in federal court "under Title VII," the implication is that the state suit had not been brought under Title VII. Were it otherwise plaintiff could simply have said he was going to bring the same suit in federal court. He would not have had to append the qualification "under Title VII."

Plaintiff himself offers this court no reason to suppose that the state court complaint was brought under Title VII. The court has on its own scrutinized the complaint and concludes that it provides no fair indication that it was brought under

Title VII. The only possibility for viewing the complaint as based on Title VII, in addition to Illinois law, is that it is an employment discrimination complaint (based on retaliatory action) and in the opening paragraph plaintiff states he received a right to sue letter from the EEOC and has filed his complaint within ninety days of such receipt. However, this is insufficient notice of a Title VII lawsuit. First, mere allegations of employment discrimination acts do not apprise the defendants that those acts are alleged to violate Title VII, as opposed to Illinois statutory law on discrimination, or common law on retaliatory discharges. Second, as a matter of law, a right to sue letter, standing alone, does not suffice for a Title VII complaint. *Baldwin County*, 104 S.Ct. at 1723 n. 4; see also *Brown v. J.I. Case Co.*, 756 F.2d 48, 50 (7th Cir.1985) ("the filing of a right to sue letter itself does not commence a Title VII action nor toll the running of the ninety-day period"). A narrow exception exists if the timely filing of the right to sue letter is accompanied by a timely motion for appointment of counsel. Here, however, plaintiff was represented by counsel in the state proceedings. Moreover, no right to sue letter was even attached to the complaint; only a passing reference was made to one. Thus, the state court complaint did not suffice for a Title VII action.

This conclusion cannot be altered by the fact that the state complaint not only adverted to a right to sue letter but also alleged facts pertaining to employment discrimination. This combination still fails to provide defendants with any notice of which, if any, allegations of the complaint are intended to state a violation of Title VII and which apply to Illinois law. This is especially true when only Illinois law is identified by name in the complaint as to both the cause of action and basis for jurisdiction.

However, even if this court were to construe the state complaint as brought under Title VII, tolling would still be unavailable to plaintiff. This is because plaintiff's tolling argument assumes that a good faith but improper filing of a Title VII action in state court justifies tolling. Plaintiff cites no authority for this proposition. As it turns out, there is some authority that relates to plaintiff's position, though it is not controlling here. In *Burnett v. New York Central Railway Co.*, 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965), a plaintiff belatedly filed a federal FELA action because he thought that a previously filed state action would provide him with the relief he desired. The state action was also explicitly brought under FELA but was dismissed for improper venue. (The defendant had often waived venue objections in the past but not in this particular case.) The federal action was commenced eight days after the state dismissal. The Court, in ruling that the federal suit was timely, held that when a plaintiff brings a timely FELA action in "a state court having jurisdiction" and the action is dismissed for the technical mistake of improper venue, tolling is available. See 380 U.S. at 434–35, 85 S.Ct. at 1057–58. Evidently, the court felt that the technical error of venue, especially in light of the defendant's practice of waiving venue in the past, rendered the delay in filing excusable.

The facts here are not similar. First, unlike the state court in *Burnett,* the Illinois court in which plaintiff filed his suit did not have jurisdiction to hear the Title VII claim. While under federal law it is still unresolved whether Title VII is exclusively within the federal court's jurisdiction, see *Patzer v. Board of Regents of University of Wisconsin System*, 763 F.2d 851, 854 n. 2 (7th Cir.1985), Illinois law has apparently restricted the jurisdiction of its courts to the remedy of the IHRA for alleged acts of employment discrimination. *Mein v. Masonite Corp.*, 109 Ill.2d 1, 92 Ill.Dec. 501, 485 N.E.2d 312 (1985) (decided before plaintiff filed his state suit). "It is clear that the legislature intended the Act, with its comprehensive scheme of remedies and administrative procedures, to be the exclusive source for redress of alleged human rights violations." 92 Ill.Dec. at 504, 485 N.E.2d at 315. Perhaps the *Mein* decision is only intended to preclude Illinois court jurisdiction over common law based

actions for employment discrimination, thereby still allowing statutory Title VII actions in state court. Nevertheless, in this case there is conclusive evidence that the state court lacked jurisdiction over plaintiff's case. Here, all defendants to the state action argued in their motions to dismiss that the state court lacked jurisdiction *and* plantiff now agrees that such was the case. See Pl. Response Br. at ¶¶ 5, 19 (stating plaintiff's "good faith" belief that there was jurisdiction but describing that belief as "error"). Thus, even if the state complaint was based on Title VII, the state court lacked jurisdiciton to hear the case. Under *Burnett,* the court in which the first lawsuit is erroneously filed *must* have jurisdiction for there to be tolling. 380 U.S. at 434, 85 S.Ct. at 1057. Tolling should therefore not be applied here.

The above result is consistent with the underlying rationale of *Burnett. Burnett* simply did not establish a good faith error standard for tolling. Instead, it is based on the idea that the technical mistake of improper venue, especially when defendants have explicitly overlooked that mistake in the past, excuses a late federal filing. Here, no similar "technical" mistake has been reasonably made. Without any help by the defendants, plaintiff chose to bring his action in a court which did not have the power to adjudicate his case. This is a serious error. Such an error, which in this case led to several months delay in filing the federal action, cannot justify tolling.

The Supreme Court's most recent elucidation of Title VII tolling principles in *Baldwin County* further confirms the inapplicability of tolling here. *Baldwin County* limited tolling to cases where a late filing is due to defendant misconduct, misinformation from a court or the EEOC, or financial inability to retain counsel to draft a timely complaint. *See Baldwin County,* 104 S.Ct. at 1725–26. Even in this latter case, the plaintiff must demonstrate timely diligence by filing a timely motion for appointment of counsel along with a timely filing of a right to sue letter. *See Brown v. J.I. Case Co.,* 756 F.2d 48 (7th Cir.1985). None of these equitable considerations is present here. Plaintiff was not misadvised by defendants, a court, or the EEOC as to when he needed to bring an action in this court under Title VII. If plaintiff was too poor to retain counsel to draft his complaint, he still failed to exercise any diligence in *timely* notifying this court of his plans to draft a Title VII complaint. Thus, even if plaintiff's state action was brought under Title VII, the Supreme Court's tolling rules under *Burnett* and *Baldwin County* do not justify tolling here.

■ Having now established that plaintiff's state court action was not brought under Title VII, and even if it was it could not in any event justify tolling, the question remains as to whether plaintiff's pursuit of a non-Title VII, alternative employment discrimination remedy (the IHRA) in state court can somehow toll the Title VII action. The Supreme Court has clearly stated that the ninety-day period under Title VII is not tolled while the plaintiff resorts to a different legal remedy. *Electrical Workers Union v. Robbins & Myers, Inc.,* 429 U.S. 229, 236–40, 97 S.Ct. 441, 447–49, 50 L.Ed.2d 427 (1976); see also *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 466, 95 S.Ct. 1716, 1723, 44 L.Ed.2d 295 (1975). Thus, plaintiff's use of the state courts to bring his claim under a remedy other than Title VII in no way tolled the running of plaintiff's ninety-day period for the filing of a Title VII suit.

The only other argument plaintiff offers in defense of tolling is easily disposed of. Specifically, plaintiff argues that the defendants to the state court action waived their rights to object to the filing of an untimely federal Title VII action by agreeing to the state order dismissing that case "without prejudice to plaintiff's right to file an action in federal court under Title VII, U.S.C."

■ Plaintiff has fundamentally misunderstood the meaning of the words "without prejudice." A dismissal "without prejudice" means only that the court has not adjudicated the merits of a claim so that the dismissal cannot have any res judicata effects in a later action. *See Liberty*

*Mutual Insurance Co. v. Congress Michigan Auto Park, Inc.,* 19 Ill.App.2d 502, 505, 154 N.E.2d 298, 308 (1st Dist.1958). The term does not affect the established statutory limitations period. Thus, a dismissal "without prejudice" does not foreclose a defendant from invoking a statute of limitations defense in a later action. *See Baird & Warner, Inc. v. Addison Industrial Park, Inc.,* 70 Ill.App.3d 59, 26 Ill. Dec. 1, 387 N.E.2d 831 (1st Dist.1979). Plaintiff's waiver or estoppel argument is therefore without merit.

In sum, plaintiff has offered this court no equitable principle for tolling the ninety-day statute to allow the prosecution of an action filed over ten months since the right to sue letter was received. It was an error for plaintiff or his attorney simply to assume that the state complaint stated an action under Title VII, and even if it did, it was their own further error to assume that the complaint, filed in a court lacking jurisdiction to hear the case, either commenced a Title VII action or tolled the statute of limitations for the filing of a federal Title VII action in this court. As sensitive as this court is to the concerns of Title VII, " 'in the long run, experience teaches that strict adherence to the procedural requirement specified by the legislature is the best guarantee of evenhanded administration of the law.' " *Baldwin County,* 104 S.Ct. 1726 (quoting *Mohasco Corp. v. Silver,* 447 U.S. 807, 826, 100 S.Ct. 2486, 2497, 65 L.Ed.2d 532 (1980)). Accordingly, this action is time-barred.

### Conclusion

Motions of all defendants to dismiss plaintiff's complaint on limitations grounds, construed as motions for summary judgment are granted as to all defendants. Nothing in this opinion precludes a malpractice action by the plaintiff against his attorney. The plaintiff's attorney is directed to give a copy of this order and the court's opinion to the plaintiff.

It is so ordered.

### ON MOTION TO RECONSIDER

This action arises under Title VII of the Civil Rights Act of 1964. On October 28, 1986, this court dismissed the action on statute of limitations grounds. Plaintiff Daniel Sager filed a motion to reconsider that final decision on November 7, 1986 which all defendants (Hunter Corporation, Malcolm Somsag, Russel Irish, and Commonwealth Edison) oppose. Defendants filed their responsive memorandum to this motion around January 21, 1987. Plaintiff was required to file his reply memorandum by January 26, and no such memorandum having been yet filed, the court now considers the issue fully briefed. For the reasons below, the motion to reconsider is denied.

In his complaint, plaintiff alleges that the defendants demoted and then eventually discharged plaintiff because he failed to comply with defendants' demands that he pressure his girlfriend to drop sexual harassment charges she had brought against Irish. These events occurred in December, 1984. Plaintiff filed his own charge of discrimination with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission on February 24, 1985. The EEOC issued its "Right to Sue" letter on July 30, 1985. Beth Wisniewski, plaintiff's girlfriend, picked up the letter from plaintiff's post office mailbox (to which she had been given access) on August 3, 1985. Plaintiff had given Wisniewski access to the mailbox because he was in Iowa that weekend visiting his children. Wisniewski did not give the notice to plaintiff until the next time she saw him. Although the exact date of this is uncertain, it is "some time in September," so the parties here work under the assumption that it was September 1, 1985.

Plaintiff then filed a complaint in the Circuit Court of Cook County on October 28, 1985. The defendants to that action are the same as the defendants here. Pursuant to an agreed order entered August 1, 1986, that action was dismissed without prejudice. Plaintiff filed the instant federal action on August 11, 1986. The defendants moved to dismiss this action on the grounds that it had been filed more than ninety days since the date plaintiff received his right-to-sue letter. Plaintiff argued

that the ninety day limit (see 42 U.S.C. § 2000e-5(f)(1)) should be tolled during the pendency of the state proceedings.

This court rejected plaintiff's argument for several reasons. It held that, assuming a good faith but improper filing of a Title VII action in Illinois state court is the sort of excusable error which justifies tolling the statute of limitations, plaintiff's state action was *not* based on Title VII. Second, the court held that plaintiff's underlying assumption—that a good faith but erroneously filed state court Title VII action justifies tolling—was foreclosed by Supreme Court law. The court extensively analyzed the problem in the October 28 opinion and declines plaintiff's invitation to reargue those holdings. The court will, however, address one of plaintiff's new arguments because it was unavailable during the first round of briefing.

First, plaintiff presents the opinion of Judge Bua in *Brown v. Commonwealth Edison, et al.,* 647 F.Supp. 1456 (N.D.Ill. 1986). There, Judge Bua was presented with identical facts and concluded that a good faith but improper state court filing of a Title VII action justifies tolling. Even if Judge Bua is correct, *Brown* does not affect this court's decision to dismiss because the court also rejected plaintiff's argument that the state action was brought under Title VII. But in any event, this court is not even persuaded that Judge Bua's holding is correct. His opinion did not discuss the Supreme Court cases cited in my opinion which limit the availability of tolling only to situations where the tardiness in filing the federal action is due to (1) the defendant's misconduct, (2) misinformation from the court or the EEOC, (3) financial inability of the plaintiff to retain counsel to draft a complaint, or (4) the good faith but erroneous filing of an action in state court *having jurisdiction* over the matter. None of these circumstances apply to this case.

Judge Bua's brief analysis of this issue (which might even be considered dictum because he found the plaintiff's action to be untimely anyway) relied on *Crown, Cork & Seal Co. v. Parker,* 462 U.S. 345,

352, 103 S.Ct. 2392, 2397, 76 L.Ed.2d 628 (1983). There, the Supreme Court stated the general doctrine that "[l]imitations periods are intended to put defendants on notice of adverse claims and to prevent plaintiffs from sleeping on their rights." *Id.* The Court then concluded that these ends are met when a class action is commenced, so that a plaintiff should be entitled to tolling of the statute of limitations during the time a class certification petition is pending. Plaintiff argues that *Parker's* rationale applies here because defendants were put on notice of the plaintiff's Title VII claim by plaintiff's good faith but improper state court filing. *Parker,* however, actually disapproves of plaintiff's theory, even assuming his state court action was brought under Title VII. The very quotation from *Parker* that both plaintiff and Judge Bua rely on in support of plaintiff's tolling argument itself cites to and relies on *Burnett v. New York Central R. Co.,* 380 U.S. 424, 428, 85 S.Ct. 1050, 1054, 13 L.Ed.2d 941 (1965). *See Parker,* 462 U.S. at 352, 103 S.Ct. at 2397. *Burnett* was central to this court's earlier opinion because it established the important proposition that the good faith but erroneous filing of an action in state court *having jurisdiction* over the subject matter would toll the limitations period for a later federal action. In this case, plaintiff concedes that the state court did not have jurisdiction over his Title VII action, and this concession is apparently supported by recent Illinois law. Thus, under *Parker* (which incorporates *Burnett*), plaintiff's state court action, even if considered a Title VII action, did not provide defendants with sufficiently definite notice of plaintiff's claim; the lack of state court jurisdiction over plaintiff's subject matter means that the plaintiff's filing of that action was not significant or portentious enough to provide defendants with the requisite notice to trigger tolling. The court therefore stands by its earlier conclusion that tolling on account of the good faith but jurisdictionally improper filing of the state action is unavailable.

Plaintiff presents even more, new evidence and argument in his Rule 59(e) motion. He claims that the reverse side of his

"Right to Sue" letter was blank (the reverse side merely reprints various provisions of Title VII; see EEOC Form 161–B), and that at some unspecified time (presumably, September 1985) prior to the filing of his state court action, plaintiff spoke with "Ms. Debra Lipinski, Human Rights Investigator." Plaintiff states that Lipinski told him he could file his lawsuit either in state or federal court, and he could freely withdraw from state court and refile in federal court. Sager Aff. ¶ 6, dated 11–6–86. Based on this advice, plaintiff instructed his attorney to file his action in state court. Because this advice was arguably erroneous, plaintiff contends the delay caused by his decision to rely on it ought to be forgiven.

■ Plaintiff offers no explanation for his failure to present these new facts and arguments until after the October 28 judgment. The Supreme Court had established, well before plaintiff even filed this action, that erroneous advice from the EEOC may justify tolling the Title VII statute of limitations. *See Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984). Yet, even though plaintiff argued for tolling in the first round of briefing, he did not mention the issue of erroneous advice from the EEOC. This court generally will not consider evidence and legal arguments presented after final judgment that could have been presented earlier. However, in this case, even if the court addressed the evidence and plaintiff's argument, the result of this case would be the same.

■ The essence of plaintiff's new argument is that plaintiff received erroneous advice from the EEOC (and a somewhat unhelpful right-to-sue letter) and this caused his improper state court filing. Even if this is true, it means only that the statute of limitations should be tolled during the time the state action was pending: October 28, 1985 through August 1, 1986. The non-tollable time from plaintiff's receipt of the right to sue letter to the time this complaint was filed is therefore August 3, 1985 through August 11, 1986, minus the tolled period of the state proceedings. This amounts to 94 days, four more days than permitted by law. Thus, even if plaintiff's new evidence were accepted, it would not render this action timely.

Plaintiff claims that he should be deemed to have received his right-to-sue letter, not on August 3, but on September 1, 1985, because his girlfriend did not pass the letter on to him until that time even though she obtained possession of it on August 3, 1985. The court cannot accept this argument on the facts of this case. Plaintiff asked the EEOC to issue a right-to-sue letter on or about June 1, 1985. See Ex. 3 to Brief of Commonwealth Edison, dated 1–20–87. The EEOC issued this letter on July 30, 1985. The notice was delivered to plaintiff's post office box and his girlfriend picked it up on August 3, 1985. Plaintiff explains he was unable to pick up his mail from the post office during the first two weeks of August because of his work schedule and a trip to Iowa during the first weekend to see his children. Sager Aff. ¶¶ 3–4, dated 12–14–86. However, plaintiff's girlfriend did not deliver the right-to-sue letter to plaintiff until "some time in September," which means no earlier than September 1, 1985. Based on these facts, plaintiff wants the statute of limitations tolled until September 1.

In *Archie v. Chicago Truck Drivers Union,* 585 F.2d 210 (7th Cir.1978), the Seventh Circuit held that the ninety day limit of Title VII begins running on the date a claimant actually receives the notice of right to sue issued by the EEOC. In that case, the plaintiff's wife received the notice of right to sue ten days before she gave it to him. The plaintiff was held to have received the letter on the day he actually received it, not on the day his wife received it. In *St. Louis v. Alverno College,* 744 F.2d 1314, 1316 (7th Cir.1984), the Court faced the problem of a nine month delay between the issuance and actual receipt of the right-to-sue letter. The EEOC had sent the letter to plaintiff's former address because the plaintiff had failed to notify the EEOC of his address change. Based on these facts, the Court limited the "actual receipt" rule of *Archie* by observing that

"[t]he rationale for [Archie] was that a plaintiff should not lose the right to sue because of fortuitous circumstances or events beyond his or her control which delay receipt of the EEOC's notice." 744 F.2d at 1316. This led the Court to conclude:

> If plaintiff had notified the EEOC that he had moved *or had taken reasonable steps to ensure that he would receive mail delivered* to the Milwaukee address, see, e.g., *Pole* [*v. Citibank*], 556 F.Supp. [822] at 823, his failure to receive the notice might come within the holding of *Archie*. But the basis for our decision there ... was that claimants who do not receive actual knowledge of their right-to-sue letter through no fault of their own should not be penalized. In this case, however, plaintiff's failure to tell the EEOC that he had moved was not an event beyond his control. Accordingly, we hold that the ninety-day limit began running on the date the notice was delivered to the most recent address plaintiff provided to the EEOC.

*Id.* at 1317 (emphasis added).

 The lesson of *Alverno College* is that a plaintiff must take reasonable steps to ensure his actual receipt of the EEOC letter; otherwise, he will be deemed to receive the letter when it arrives at the most recent address plaintiff provided to the EEOC. That is the case here. Although the burden of proving the availability of tolling is on the plaintiff, see *Ott v. Midland-Ross Corp.*, 600 F.2d 24 (6th Cir. 1979), plaintiff provides no evidence of any steps he took to reclaim from his girlfriend the mail he had authorized her to pick up for him—except that on September 1, 1985 she met with him to deliver the notice to him. That was a full four weeks after she had obtained it. It is unreasonable for a plaintiff who is expecting to receive a right-to-sue letter (as was plaintiff here) to instruct a person to pick up his mail and then not make any effort to determine or obtain the contents of his mail for four weeks, despite his ability to do so. Had plaintiff been unable to contact his girlfriend during the month of August, or otherwise reclaim his mail from her, his delay in receiving the

letter might not be unreasonable. But plaintiff has presented absolutely no evidence, despite his burden to do so, excusing or explaining his delay. He merely explains that his work schedule for the first two weeks in August and his trip to Iowa in the first weekend of August prevented him from going to the post office. But this does not explain how or why he was prevented from contacting his girlfriend *whom he expected to have mail for him.*

Thus, this is not a case like *Archie* where the plaintiff's wife received the notice and inadvertently delayed plaintiff's actual receipt of the letter for ten days. There, the plaintiff was understandably not at fault for not realizing he had to reclaim his mail from a member of his own household. Since that plaintiff had not actually instructed his wife to obtain and hold onto his mail, he did not have the duty that the plaintiff here had to take further reasonable steps to obtain his mail. Since plaintiff did not discharge that duty here, he is not entitled to tolling. (At the very most, plaintiff here might be entitled to tolling during the weekend of August 3 when he was in Iowa and physically unable to meet with his girlfriend. But he was back in town the following Monday, August 5, at which point he failed to discharge his duty to take reasonable steps to meet his girlfriend. Thus, at most, plaintiff is entitled to two days tolling.)

The result of all this is that plaintiff may not be deemed to have received his right-to-sue notice on September 1. He is charged with constructive notice on August 3, or, at the latest, August 5. Thus, even assuming the court should entertain plaintiff's belated argument that the statute is tolled during the pendency of a state action filed due to misadvice from the EEOC, this action is still time-barred as it was brought 94 days after August 3 (or 92 days after August 5).

██ Plaintiff raises three other new issues in his motion which the court quickly addresses. First, plaintiff seeks leave to amend his complaint so that he may allege an action under 42 U.S.C. § 1983. No proposed amended complaint has been ten-

dered. Of course, section 1983 requires state action in order to satisfy the "color of state law" requirement. There is no possibility of state action here, and plaintiff certainly makes no attempt to explain any. Perhaps plaintiff thinks that Commonwealth Edison, as a regulated utility, is a state actor. Ever since *Jackson v. Metropolitan Edison Company*, 419 U.S. 345, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974), it has been clear that even a heavily regulated utility, without more, does not rise to the level of a state actor. Leave is therefore denied.

 Plaintiff also seeks leave to amend his complaint to add a count under 42 U.S.C. § 1981. Again, no proposed complaint has been tendered. Nothing that has been presented to the court thus far suggests that plaintiff was discharged for reasons relating to race or alienage, the only grounds to which section 1981 applies. *See Runyon v. McCrary*, 427 U.S. 160, 167, 96 S.Ct. 2586, 2593, 49 L.Ed.2d 415 (1976); *Bell v. City of Milwaukee*, 746 F.2d 1205, 1259 (7th Cir.1984). Plaintiff's current complaint appears to arise out of a retaliatory discharge for failing to get his girlfriend to drop sexual harassment charges. This is not cognizable under section 1981. Leave is therefore denied.

 Finally, plaintiff asks this court to amend the form of the judgment order because it suggests that the dismissal was on the merits and this is not what the court meant. In fact, the court meant to dismiss this case on the merits. Statute of limitations is a defense that goes to the merits of a claim. The court will not alter the form of the judgment order.

### Conclusion

Plaintiff's Fed.R.Civ.P. 59(e) motion to reconsider this court's dismissal of October 28, 1986 is denied.

It is so ordered.