Ethel PAYNE, Plaintiff,

v.

COOK COUNTY HOSPITAL, Defendant.

No. 88 C 8589.

United States District Court, N.D. Illinois, E.D.

Aug. 31, 1989.

Ethel Payne, Los Angeles, Cal., pro se.

Cecil A. Partee, State's Atty. of Cook County, Thomas H. Riley, Jr., Asst. State's Atty., Chicago, Ill., for defendant.

## MEMORANDUM AND ORDER

MORAN, District Judge.

Plaintiff Ethel Payne ("Payne") brings suit alleging discrimination on the basis of national origin, in violation of Title VII, 42 U.S.C. 2000e *et seq.* We have before us defendant Cook County Hospital's ("hospital") motion to dismiss the complaint as untimely and as stating a claim for which relief cannot be granted because the hospital is a non-suable entity. For the following reasons, defendant's motion to dismiss is granted. However, Payne is granted leave to file an amended complaint naming the County of Cook as the defendant.

## FACTS

The facts of plaintiff's complaint, which the court accepts as true for the purposes of this motion, are that the hospital terminated Payne on June 6, 1985 because of her national origin. Plaintiff received her Equal Employment Opportunity Commission ("EEOC") "determination" and "notice of right to sue" on February 12, 1988. After several inquiries directed to the Chicago and California district offices of the EEOC, Payne received the right-to-sue letter on June 3, 1988. Less than 90 days thereafter, on August 11, 1988, plaintiff filed a complaint in the Central District of California alleging wrongful termination due to her national origin.

The California court denied her *in forma pauperis* request and ordered dismissal of the action without prejudice to plaintiff's ability to refile after examining the complaint's deficiencies and prepaying the $120 filing fee. *Payne v. Cook County Hospital,* No. CV 88–4938 (C.D.Cal. August 17, 1988). Subsequently, Payne's motion for reconsideration was also denied, the court holding, *sua sponte,* that venue and jurisdiction were lacking on the face of the complaint. *Payne v. Cook County Hospital,* No. CV 88–4938 (C.D.Cal. September 16, 1988). The court noted that "had plaintiff chosen, and assuming plaintiff is correct in her assertion of when she received her 'right to sue' letter, an action could have been filed in the Northern District of Illinois before the running of the statute of limitations." *Id.*

The pending complaint was filed on October 12, 1988 and plaintiff's petition for leave to file and proceed *in forma pauperis* was subsequently granted. We now consider defendant's motion to dismiss.

## DISCUSSION

### I. *The Limitations Period*

■ Under Title VII a plaintiff has 90 days from receipt of the right-to-sue letter to file suit. 42 U.S.C. § 2000e–5f(1). For a while the circuit courts disagreed over whether that provision codified a jurisdictional requirement or specified the limitations period appropriate to such actions. *Compare Air Line Stewards and Stewardesses Ass'n v. Trans World Airlines, Inc.,* 630 F.2d 1164 (7th Cir.1980) (jurisdictional limit) *with Carlile v. South Routt School District Re 3–J,* 652 F.2d 981 (10th Cir.1981) (limitations period), *and Coke v. General Adjustment Bureau, Inc.,* 640 F.2d 584 (5th Cir.1981) (same). The Supreme Court resolved that dispute in *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), *reh'g denied sub nom., Independent Federation of Flight Attendants v. Trans*

*World Airlines, Inc.,* 456 U.S. 940, 102 S.Ct. 2001, 72 L.Ed.2d 461 (1982). *Zipes* held that the statutory period for filing a discrimination charge with the EEOC serves solely to ensure that Title VII actions are timely. As such, the Court served notice that various defenses to timeliness motions were available:

> By holding compliance with the filing period to be not a jurisdictional prerequisite to filing a Title VII suit, but a requirement subject to waiver as well as tolling when equity so requires, we honor the remedial purpose of the legislation as a whole without negating the particular purpose of the filing requirement, to give prompt notice to the employer.

*Id.* 455 U.S. at 398, 102 S.Ct. at 1135. The Court subsequently applied this same logic to timeliness allegations respecting the 90–day period in which to file a Title VII *court* action—the provision allegedly violated here. *See Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984), *reh'g denied,* 467 U.S. 1231, 104 S.Ct. 2691, 81 L.Ed.2d 885 (1984); *Crown, Cork & Seal Co. v. Parker,* 462 U.S. 345, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983).

For equitable tolling to apply, *Baldwin County* requires that plaintiffs show either (1) excusable ignorance of or noncompliance with the limitations period, evidently with no prejudice to defendant, *see, e.g., Gates v. Georgia–Pacific Corp.,* 492 F.2d 292 (9th Cir.1974) (inadequate notice from EEOC of limitations period); *Harris v. Walgreen's Distribution Center,* 456 F.2d 588 (6th Cir.1972) (pending motion for appointment of counsel triggers tolling); *Carlile v. South Routt School District Re 3–J,* 652 F.2d 981 (10th Cir. 1981) (court had led plaintiff to believe she had complied with filing rules); or (2) affirmative misconduct of defendant that lulled the plaintiff into inaction, *see, e.g., Villasenor v. Lockheed Aircraft Corp.,* 640 F.2d 207 (9th Cir.1981); *Wilkerson v. Siegfried Insurance Agency, Inc.,* 621 F.2d 1042 (10th Cir.1980); *Leake v. University of Cincinnati,* 605 F.2d 255 (6th Cir.1979). *See generally Baldwin County,* 104 S.Ct. at 1725–26. *Sager v. Hunter Corp.,* 665 F.Supp. 575, 577–78 (N.D.Ill.1986). There being no allegations of misconduct, we evaluate whether there has been the requisite excusable "ignorance" or "noncompliance."

Payne alleges that her late filing in the Northern District resulted from excusable ignorance. Having granted her leave to proceed *in forma pauperis,* we willingly embrace that characterization.

Put succinctly, Payne acted responsibly, given her limited knowledge of the federal rules. She received her right-to-sue letter, filed in California, awaited resolution of her reconsideration motion and soon thereafter filed here. There was no extended delay between any of these stages and defendant has marshalled no claim of prejudice. *See Baldwin County,* 466 U.S. at 152, 104 S.Ct. at 1726 ("absence of prejudice is a factor to be considered in determining whether the doctrine of equitable tolling should apply once a factor that might justify such tolling is identified"); *see also Sager, supra* ("excusable ignorance ... evidently with no prejudice to defendant"). Payne alleges that on three separate occasions she inquired of the Chicago district office of the EEOC for her right-to-sue letter, and that her request for assistance from the Los Angeles office was turned down unless or until she received the letter.

In particular, we emphasize that Payne's decision to await reconsideration appears quite reasonable. The original order of dismissal, issued jointly with a denial of plaintiff's *in forma pauperis* request, listed four justifications, the first two of which appeared cured at the time Payne moved for reconsideration. Respecting the first, plaintiff contends that she received her right-to-sue letter on June 3, 1988, so she makes allegations sufficient to satisfy the exhaustion requirement. Respecting the second, the statute of limitations was allegedly met by her timely filing in California, after receipt of the right-to-sue letter. Her decision to await reconsideration seems particularly reasonable given her

perception that the first two deficiencies appeared no longer problematic, and the court's parting comment that "if the action is refiled, plaintiff should seriously examine the deficiencies in the complaint discussed above."

The third and fourth justifications of the August 17 order pertain to jurisdiction and venue. We wholeheartedly agree that the action was improperly filed in the Central District of California. But the plaintiff or the court could well have moved prior to or soon after dismissal for transfer under 28 U.S.C. § 1406.

### Cure or waiver of defects

(a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

Were the case transferred after the initial ruling, no limitations problem would have arisen. So the issue here reduces to whether Payne's decision to await reconsideration of the jurisdiction and venue issues, instead of moving to transfer, should be considered "excusable ignorance."

■ We conclude affirmatively. In circumstances fairly similar to these, although not controlling,[1] the Court provided us with some general guidance:

Petitioner here did not sleep on his rights but brought an action within the statutory period in a state court of competent jurisdiction. Service of process was made upon the respondent notifying him that petitioner was asserting his cause of action. While venue was improper in the state court, under Ohio law venue objections may be waived by the defendant, and evidently in past cases defendant railroads, including this respondent, had waived objections to venue so that suits by nonresidents of Ohio could proceed in

state courts. Petitioner, then, failed to file an FELA action in the federal courts, not because he was disinterested, but solely because he felt that his state action was sufficient.

*Burnett v. New York Central R. Co.*, 380 U.S. 424, 427, 85 S.Ct. 1050, 1054, 13 L.Ed.2d 941 (1964). That the problem here arises from an initial filing in a separate *federal* district appears immaterial. "[B]oth Congress and the states have made clear, through various procedural statutes, their desire to prevent timely actions brought in courts with improper venue from being time-barred merely because the limitation period expired while the action was in the improper court." *Id.* at 434, 85 S.Ct. at 1058. And the *Burnett* decision so held, absent a very relevant circumstance present here, namely, Payne's status as a *pro se* litigant.

We do recognize that " 'in the long run, experience teaches that strict adherence to the procedural requirement specified by the legislature is the best guarantee of even-handed administration of the law.' " *Baldwin County*, 466 U.S. at 152, 104 S.Ct. at 1726, *quoting Mohasco Corp. v. Silver*, 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980). That concern, however, has been eroded by other courts in considering the claims of *pro se* litigants. In recognition thereof, and also of Payne's considerable attentiveness given her limited knowledge of jurisdiction and venue law, her claim survives the limitations period because the running thereof was tolled during the California proceedings.

### II. *Susceptibility to Suit*

■ Alleging that it is a non-suable entity, the hospital submits an additional reason for dismissal. Since it has no legal existence separate and apart from the County of Cook, the hospital cannot be

---

1. As the indented citation makes clear, *Burnett v. New York Central R. Co.*, 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1964), involved a plaintiff's FELA claim brought in state court only a few days prior to the expiration of the Act's three-year limitations period. When venue was held to be improper under Ohio law, the plaintiff filed the FELA action in federal court.

The Supreme Court held that where a timely FELA action is begun in a state court having jurisdiction, the defendant is served with process, and the case is dismissed for improper venue, the FELA time limitation is tolled during the pendency of the state suit and until the state court order dismissing the action becomes final.

sued. *See, e.g., Mayes v. Elrod,* 470 F.Supp. 1188, 1192 (N.D.Ill.1979) ("the Board's institutional liability is automatically coextensive with that of the County, since it must direct the County treasurer to pay any judgment rendered against the County.... Accordingly, the motion to dismiss the Board and the Department as separate defendants is granted"). That legal issue is beyond dispute. But the question as to whether Payne was dismissed for discriminatory reasons needs to be resolved. Accordingly, we grant the motion to dismiss, but Payne is hereby granted leave to file an amended complaint naming the County of Cook as defendant. That change will ensure the appropriate party is named and we can move ahead with a substantive review of Payne's allegations.

### CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is granted. Plaintiff is hereby granted leave to file an amended complaint naming the County of Cook as defendant.