James C. FLEMING, Plaintiff,

v.

ALCOA BUILDING PRODUCTS, Defendant.

No. S92–00375.

United States District Court, N.D. Indiana, South Bend Division.

Dec. 11, 1992.

John C. Hamilton, South Bend, for plaintiff.

Kathleen K. Brickley, South Bend, for defendant.

## ORDER ON MOTION TO DISMISS

ALLEN SHARP, Chief Judge.

### I. PROCEDURAL HISTORY

The plaintiff, James C. Fleming ("Fleming"), submitted a complaint of race discrimination and retaliation on January 30, 1991 with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a Notice-of-Right-to-Sue Letter on January 9, 1992. On June 19, 1992, Fleming submitted a complaint and petition to proceed *in forma pauperis*. This court denied the petition to proceed *in forma pauperis* on July 6, 1992. On July 20, 1992, Fleming paid his filing fees to the court, and the clerk filed his complaint on that same day. The cause is now before this court on the defendant's, Alcoa Building Products' ("Alcoa"), Motion to Dismiss filed August 24, 1992. The plaintiff filed its Memorandum and Affidavit in Opposition to the Motion to Dismiss on September 30, 1992.

### II. ISSUES PRESENTED

The court has been asked by the defendant to dismiss this case as the plaintiff has failed to satisfy the requirements of Fed.R.Civ.P. 12(b)(6). Thus, this court is squarely faced with deciding whether Fleming has failed to state a claim upon which relief can be granted.

This court, now being fully briefed on the issues presented, GRANTS Alcoa's Motion to Dismiss for Failure to State a Claim upon which Relief can be Granted, treated herein as a Motion for Summary Judgment.

### III. DISMISSAL FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Dismissal of a complaint is appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. *Hishon v. King & Spalding,* 467 U.S.

69, 73, 104 S.Ct. 2229, 2233, 81 L.Ed.2d 59 (1984) (citing, *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)). *See also, Dresser Industries v. Pyrrhus AG,* 936 F.2d 921, 933 (7th Cir.1991).

■ If a motion to dismiss is filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and materials outside the motion to dismiss are presented to and not excluded by the court, then the motion to dismiss may be treated as a motion for summary judgment pursuant to Rule 56, Fed. R.Civ.P. *See, First Interstate Bank, N.A. v. Chapman & Cutler,* 837 F.2d 775, 776–777 (7th Cir.1988); *Cange & Stotler and Co., Inc.,* 826 F.2d 581, 583 (7th Cir.1987); and *Winslow v. Walters,* 815 F.2d 1114, 1116 (7th Cir.1987). Thus, if a party moves for dismissal upon the pleadings alone, it will be considered a Rule 12(b)(6) motion for dismissal. However, if a party files a Rule 12(b)(6) motion for dismissal and the court relies on materials outside the pleadings, it will be considered a Rule 56 motion for summary judgment.

In this case, because the court has been presented with affidavits by both Fleming and Attorney Susan M. Taylor in addition to the pleadings and the memoranda specifically related to the motion to dismiss, the court will treat this as a Rule 56 motion for summary judgment.

On October 7, 1992, in the interest of fairness, this court issued an order advising both parties that it would treat the motion to dismiss as a motion for summary judgment. Both parties were given additional time to file with the court supplemental documentation if they so desired. On October 19, 1992, Fleming filed a Supplemental Affidavit in Opposition to Motion to Dismiss. On October 26, 1992, the plaintiff filed a Reply to the Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment.

### IV. SUMMARY JUDGMENT

Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there exists no genuine

issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; *accord Juarez v. Ameritech Mobile Communications,* 957 F.2d 317, 320 (7th Cir.1992). A material question of fact is a question which will be outcome determinative of an issue in that case. *Wainwright Bank v. Railroadmens Federal Sav.,* 806 F.2d 146 (7th Cir.1986).

While generally, "Summary Judgment is only appropriate when the record reveals that no reasonable jury could find for the nonmoving party, ... this general standard is applied with added rigor in employment discrimination cases, where intent is inevitably the central issue." *McCoy v. WGN Continental Broadcasting Co.,* 957 F.2d 368, 370–371 (7th Cir.1992) (citations omitted). Still, "[s]ummary judgment will not be defeated simply because issues of motive or intent are involved, and is proper when the plaintiff fails to indicate any motive or intent to support plaintiff's position." *Rush v. McDonald's Corp.,* 966 F.2d 1104, 1109 (7th Cir.1992) (quoting *Morgan v. Harris Trust & Savings Bank,* 867 F.2d 1023, 1026 (7th Cir. 1989)). The most recent, thorough discussions of Rule 56 by the Supreme Court of the United States can be found in a trilogy of cases decided in 1986. *See Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)[1]; and *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). *Celotex* addressed the initial burdens of the parties under Rule 56, and *Anderson* addressed the standards under which the record is to be analyzed within the structure of Rule 56.

After *Celotex,* it is clear that a nonmoving party may not rest on its pleadings to avoid summary judgment. *Celotex,* 477 U.S. at 325–26, 106 S.Ct. at 2553–54. *See also, Lujan v. National Wildlife Federation,* 497 U.S. 871, 110 S.Ct. 3177, 111 L.Ed.2d 695 (7th Cir.1990); and *Zayre Corp. v. S.M. & R. Co.,* 882 F.2d 1145 (7th Cir.1989). "The days are gone, if they ever existed, when the nonmoving party could sit back and simply poke holes in the moving party's summary judgment motion." *Fitzpatrick v. Catholic Bishop of Chicago,* 916 F.2d 1254, 1256 (7th Cir.1990). The initial burden is on the moving party to demonstrate "with or without supporting affidavits" the absence of a genuine issue of material fact and that judgment, as a matter of law, should be granted in the moving party's favor. *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553 (quoting Rule 56). Once the moving party has met the initial burden, the opposing party must "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine [material] issue for trial.'" *Id.* Furthermore, in *Anderson,* the Court held that what facts are material in a specific case shall be determined by the substantive law controlling that case or issue. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. In addition, the Court went on to interpret Rule 56 as requiring that courts analyze summary judgment motions utilizing the standard of proof relevant to the specific case or issue. *Id.* at 252–55, 106 S.Ct. at 2512–14.

For academic insight into *Celotex* and *Anderson,* see Childress, *A New Era for Summary Judgments: Recent Shifts at the Supreme Court,* 116 F.R.D. 183, 194 (1987), where the author states:

> The recent Supreme Court cases likely require that summary judgment be more readily granted.... This emerging trend signals a new era for summary judgment, one in which the old presumptions are giving way to a policy of balancing and efficiency, and the mechanism is more appropriate to double as a sufficiency motion—allowing some sort of trial itself on the paper record.

More recently Childress has written that *Celotex* and *Anderson* clarify that Rule 56 motions

> should not be hesitantly granted when appropriate.... Any litigant dealing with summary judgment must be aware of this new trend, the Court's cases, their application in each circuit, and the direction they

---

1. For the judicial epilogue of *Celotex,* see *Catrett v. Johns–Manville Sales Corp.,* 826 F.2d 33 (D.C.Cir.1987), *cert. denied,* 484 U.S. 1066, 108 S.Ct. 1028, 98 L.Ed.2d 992 (1988).

portend. Pretrial practice is a new ball-game.

Childress, *A Standards of Review Primer: Federal Civil Appeals,* 125 F.R.D. 319, 343 (1989).

Recent object lessons applying these ideas are found in *Kizer v. Children's Learning Ctr.,* 962 F.2d 608 (7th Cir.1992); *Karazanos v. Navistar Intern. Transp. Corp.,* 948 F.2d 332, 335 (7th Cir.1991); *Old Republic Ins. Co. v. Federal Crop Ins. Corp.,* 947 F.2d 269, 273–274 (7th Cir.1991); and *Un. Ass'n of Black Landscapers v. City of Milwaukee,* 916 F.2d 1261, 1265 (7th Cir.1990).

## V. DISCUSSION

Section 2000e–5(f)(1) of Title 42 U.S.C. provides in pertinent part:

> If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, ... the Commission ... shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved.... Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security.

The ninety-day period begins to run upon the date the complainant receives notice of the right to sue. *Jones v. Madison Serv. Corp.,* 744 F.2d 1309, 1312 (7th Cir.1984); *St. Louis v. Alverno College,* 744 F.2d 1314, 1316 (7th Cir.1984).

■ The ninety day limit of § 2000e–5(f)(1) is not a jurisdictional prerequisite. Instead it is more like a statute of limitations. *St. Louis,* 744 F.2d at 1316 n. 2 (citing, *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982)). Thus, "absent special circumstances which give rise to waiver, estoppel, or equita-

ble tolling of the 90 day period, the Title VII action is time-barred." *Anooya v. Hilton Hotels. Corp.,* 733 F.2d 48, 49 (7th Cir.1984).

The defendant, Alcoa, cites several cases including *Brown v. Reliable Sheet Metal Works,* 852 F.2d 932 (7th Cir.1988), as support for its assertion that the Seventh Circuit has been reluctant to extend the ninety-day period. In *Brown,* the Seventh Circuit held that the time period for filing Title VII was not equitably tolled by a pending, interim, state action. However, this court notes that *Brown* has been most specifically overruled in this circuit. *Donnelly v. Yellow Freight System, Inc.,* 874 F.2d 402, 409 (7th Cir.1989) (citing, *Felder v. Casey,* 487 U.S. 131, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988)).

Nevertheless, the defendant is generally correct that the Seventh Circuit has been reluctant to extend the ninety-day period. This is in keeping with the Supreme Court's instruction that "strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 152, 104 S.Ct. 1723, 1726, 80 L.Ed.2d 196 (1984) (quoting *Mohasco Corp. v. Silver,* 447 U.S. 807, 826, 100 S.Ct. 2486, 2497, 65 L.Ed.2d 532 (1980)) (filing of right-to-sue letter with district court did not satisfy requirement that a complaint be filed within ninety days and later-filed complaint did not "relate back" to the filing of the right to sue letter). A more recent Supreme Court opinion again expresses the reluctance of federal courts to extend equitable relief. For the Court, Chief Justice Rehnquist wrote:

> We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period,[2] or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to

---

**2.** See *Burnett v. New York Central R. Co.,* 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965) (plaintiff timely filed complaint in wrong court); *Herb v. Pitcairn,* 325 U.S. 77, 65 S.Ct. 954, 89 L.Ed. 1483 (1945) (same); *American Pipe & Con-*

*struction Co. v. Utah,* 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974) (plaintiff's timely filing of an individual action tolled the limitations period in a related class action claim).

pass.[3] We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

*Irwin v. Veterans Admin.*, 498 U.S. 89, 96, 111 S.Ct. 453, 458, 112 L.Ed.2d 435 (1990), rehearing denied, 498 U.S. 1075, 111 S.Ct. 805, 112 L.Ed.2d 865 (1991) (footnotes numbered 3 and 4 in original).

In this circuit, equitable tolling has been "restricted and reserved only for situations in which the claimant has made a good faith error (e.g., brought suit in the wrong court) or has been prevented in some extraordinary way from filing his complaint in time." *Jones*, 744 F.2d at 1314.

Other district court decisions in this circuit reflect the Seventh Circuit's reluctance to expand the ninety-day period. For instance, one court rejected a Title VII plaintiff's argument that a letter from a court clerk denying his application to proceed *in forma pauperis* and informing him that he would be required to pay a filing fee misled him to believe that all he needed to do was pay the fee rather than file within the ninety-day period. *Gardner v. U.S. Steel*, 670 F.Supp. 1411 (N.D.Ind. 1987). Still another court, in a decision wholly consistent with *Baldwin County*, held that the filing of the right-to-sue letter and an application to proceed *in forma pauperis* did not constitute a "complaint," and an actual complaint filed 97 days after receiving the right-to-sue letter was time barred. *Coulibaly v. T.G.I. Friday's, Inc.*, 623 F.Supp. 860 (S.D.Ind.1985).

■ In this case, Fleming's complaint states that he received his notice-of-right-to-sue letter on January 9, 1992. (Complaint, ¶ 8). Fleming submitted his complaint to this court on June 19, 1992. Clearly the plaintiff has filed his complaint outside the ninety-day period specified in 42 U.S.C. § 2000e–5(f)(1). Therefore, the question for this court is whether the reasons asserted for the late filing warrant a tolling of the ninety-day period. The plaintiff argues that he was diligent in pursuing his claim, and therefore, this court should view his efforts "with the solicitude the court applied in *Payne v. Cook County Hosp.*, 719 F.Supp. 730, 732–33 (N.D.Ill.1989)." (Plaintiff's Memorandum in Opposition to Motion to Dismiss, p. 7). This court disagrees.

The plaintiff alleges that he was led to believe, by Attorney Susan Taylor, that he had two years to file his complaint. However, the written correspondence on file with Ms. Taylor indicates that she, too, informed the plaintiff of the ninety-day period. Even if, as he argues, Mr. Fleming did not receive Ms. Taylor's letter, he cannot escape the fact that he never took steps to retain Ms. Taylor as his counsel. Mr. Fleming never had attorney representation in the present case until September 30, 1992 when John C. Hamilton filed his appearance on behalf of the plaintiff. As a result, this court finds that Mr. Fleming did not act diligently to protect his legal rights. Certainly, he did not exercise the same diligence as the *pro se* plaintiff in *Payne.* Furthermore, the facts in this case do not reflect a situation which has been recognized by the Supreme Court or this circuit as warranting equitable tolling. See, *Irwin*, 498 U.S. at 96–97, 111 S.Ct. at 458.

## VI. CONCLUSION

Therefore, based upon the authorities and statutes cited and the reasons stated above, this court now GRANTS defendant Alcoa's Motion to Dismiss treated herein as a Motion for Summary Judgment. **SO ORDERED.**

---

3. See *Glus v. Brooklyn Eastern District Terminal*, 359 U.S. 231, 79 S.Ct. 760, 3 L.Ed.2d 770 (1959) (adversary's misrepresentation caused plaintiff to let filing period lapse); *Holmberg v. Armbrecht*, 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743 (1946) (same).