**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted August 11, 2005[*]
Decided August 17, 2005

**Before**

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 04-3178

| | |
|---|---|
| GBOLAHAN R. EYIOWUAWI, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 03 C 9345 |
| JOHN H. STROGER, JR. HOSPITAL OF COOK COUNTY, et al., *Defendants-Appellees*. | Charles R. Norgle, Sr., *Judge*. |

**O R D E R**

Nigerian native Gbolahan R. Eyiowuawi has been employed since 1998 at the John H. Stroger, Jr. Hospital of Cook County (the former Cook County Hospital).  In late December 2003 he brought suit claiming that he suffered discrimination at the hands of the named defendants—the hospital and six employees—on account of his gender and national origin.  Eyiowuawi attempted to serve the defendants by mailing a summons and copy of his complaint addressed to the hospital's personnel

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

office but no answer was filed.[1]  Eyiowuawi then obtained from the district court, in mid-February 2004, an order directing the United States Marshals Service to effect service on his behalf, *see* Fed. R. Civ. P. 4(c)(2), but there is no indication in the record that Eyiowuawi, who was not proceeding *in forma pauperis*, ever delivered the necessary paperwork or paid any required fees to the marshals service, *see* 28 U.S.C. § 1921.

In early April 2004 the district court set the case for a status hearing on April 21, 119 days after Eyiowuawi filed his complaint.  An assistant state's attorney, by then aware of the lawsuit, appeared at this hearing on behalf of Cook County and notified the district court that none of the defendants had been served. Eyiowuawi missed the hearing, and when he did not show, the court dismissed the suit for failure to prosecute.  On May 10, 2004, the eleventh business day after entry of the order dismissing his case, Eyiowuawi filed what he captioned as a "motion to reconsider."  In this motion Eyiowuawi asserted that he arrived late at the courthouse and missed the status hearing because the assistant state's attorney, when she mailed him a copy of her appearance form, did not indicate in her correspondence the scheduled time of the April 21 status hearing.  Eyiowuawi, however, did not assert that a docket entry showing that the clerk mailed him notice of the hearing was mistaken.  After allowing briefing, the district court heard Eyiowuawi's motion on July 21 and verified that his intention was to proceed only under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to e-17, and that he did not serve Cook County before the dismissal of his complaint.  The court then denied Eyiowuawi's motion, reasoning that he had not offered any ground for relief under Rule 60(b).

Eyiowuawi filed a notice of appeal on August 20.  His "motion to reconsider," however, was filed beyond the 10-day limit for motions under Fed. R. Civ. P. 59(e), and thus did not toll the 30-day deadline for filing a notice of appeal, *see* Fed. R. App. P. 4(a)(1)(A), (a)(4)(A).  Instead, the post-judgment motion, given the timing of its filing, was correctly analyzed by the district court as one under Fed. R. Civ. P. 60(b).  *See Talano v. Northwestern Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001).  Accordingly, as we explained to Eyiowuawi in our order of February 2, 2005, our review here encompasses only the order denying his post-judgment motion, not the underlying order dismissing his complaint for failure to prosecute. *See, e.g., Castro v. Bd. of Educ.*, 214 F.3d 932, 934 (7th Cir. 2000).

---

[1] John H. Stroger, Jr. Hospital of Cook County was named as a defendant and never formally dismissed, but it is not apparent that the hospital is a separate, suable entity from Cook County.  *See Payne v. Cook County Hosp.*, 719 F. Supp. 730, 733-34 (N.D. Ill. 1989).

The question before us, then, is not whether the district court abused its discretion in dismissing Eyiowuawi's complaint without warning as a sanction for missing the April 21 status hearing. *See, e.g., Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 725 (7th Cir. 2004); *Aura Lamp & Lighting, Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003). That is a legal question Eyiowuawi should have raised by appealing the dismissal (or by filing a timely motion under Rule 59(e)). *See Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002) (observing that "legal error is not a proper ground for relief under Rule 60(b)"). We have said repeatedly that Rule 60(b) is not a substitute for an appeal or a timely motion under Rule 59(e), and cannot serve to resurrect arguments that were available before the time for filing an appeal expired. *See, e.g., Tango Music, LLC v. DeadQuick Music, Inc.*, 348 F.3d 244, 247 (7th Cir. 2003); *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000). Eyiowuawi does not dispute that he learned about the dismissal shortly after the decision was announced, but he did not act promptly to seek our review of that ruling. We cannot review it now, and Eyiowuawi offers no other basis for disagreeing with the district court's exercise of discretion in denying his Rule 60(b) motion. *See Fed. Election Comm'n v. Al Salvi for Senate Comm.*, 205 F.3d 1015 (7th Cir. 2000) (recognizing that propriety of dismissal without warning for failure to prosecute, although abuse of discretion and grounds for appeal, was not basis for overturning denial of motion under Rule 60(b) to set aside dismissal); *Dickerson v. Bd. of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1118-19 (7th Cir. 1994) (even thought there was an arguable abuse of discretion in applying Rule 41(b), that was not a sufficient basis for overturning subsequent denial of Rule 60(b)).

AFFIRMED.